Vince E. VAN ALLEN, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 2–284A51.

Court of Appeals of Indiana, Second District.

Aug. 27, 1984.

Jay T. Seeger, Heide, Gambs & Mucker, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Vince E. Van Allen (Van Allen) brings an interlocutory appeal for review of the trial court's refusal to grant his motion to suppress the results of his breathalyzer test because of the lack of rules or regulations governing certification of the test results.

We affirm.

## FACTS

The undisputed facts are that admission of breathalyzer test results in a court of law must be predicated on proof of certification of the equipment, chemicals, and operator. Prior to September 1, 1983, certification procedures were governed by this pertinent portion of Ind.Code 9–4–4.5–6 (1982):

> "(a) The *director of the department of toxicology* of the Indiana University school of medicine *is authorized to adopt the necessary rules and regulations to set standards for* the selection, training, certification and recertification of breathalizer [sic] test operators and to provide for the periodic inspection of *breathalizer* [sic] *test devices.*"

(Emphasis supplied) [hereinafter referred to as the old certification statute]. The certification rules and regulations promul-

gated pursuant to the old certification statute may be found at 260 IAC 1–1–1 to –5–3 (1984) [hereinafter referred to as the old certification statute's rules and regulations].

The old certification statute was repealed by re-enacted certification legislation which contained this language: "The following are repealed: IC 9–4–1–54; *IC 9–4–4.5.*" 1983 Ind.Acts, Pub.L. No. 143–1983 § 9 (emphasis supplied). The repeal of the old certification statute took effect on the same date the new certification legislation became effective, September 1, 1983. *See* IC 1–1–3–3 (1983 Supp.) (all legislation is effective September 1 following enactment unless otherwise specified). And, the old certification statute's rules and regulations were explicitly repealed by this language contained in the new rules and regulations issued under the re-enacted certification legislation: "260 IAC 1 is repealed, however any certificates issued under 260 IAC 1 shall be valid until the date they would have expired under 260 IAC 1 and any machine, instrument, chemical, operator or method certified under 260 IAC 1 shall be deemed certified under 260 IAC 1.1 until said certification would have expired under 260 IAC 1." 7 Ind.Reg. 335 § 2 (to be codified at 260 IAC 1.1 (1985 Supp.)).

Relevant sections of the re-enacted certification legislation, found at IC 9–11–4–5 (1983 Supp.), consist of the following:

"(a) The *director of the department of toxicology* of the Indiana University school of medicine *shall adopt rules, under IC 4–22–2,* concerning:

(1) standards and regulations for the:
(A) selection;
(B) training; and
(C) certification;
of *chemical breath test operators;*
(2) standards and regulations for the:
(A) selection; and
(B) certification;
of *chemical breath test equipment and chemicals; and*

(3) the certification of the *proper technique for administering a chemical breath test."*
(Emphasis supplied) [hereinafter referred to as the new certification statute].

Formal rulemaking in accordance with the new certification statute led to enactment of 7 Ind.Reg. 335–40 (to be codified at 260 IAC 1.1–1–1 to –4–5 (1985 Supp.)) [hereinafter referred to as the new certification statute's rules and regulations]. These new rules and regulations became effective January 12, 1984. *See* IC 4–22–2–5 (1982) (rules become effective thirty days from date filed with Secretary of State unless otherwise specified).

On September 10, 1983, a day falling between the repeal date of the old certification statute (September 1, 1983) and the effective date of the new certification statute's rules and regulations (January 12, 1984), Van Allen was given a breathalyzer test upon suspicion of operating a motor vehicle while intoxicated. He was subsequently arrested and charged by information with one count of operating a motor vehicle while intoxicated [1] and one count of operating a motor vehicle while intoxicated and having a previous conviction for the same offense within five years. [2]

A motion to suppress the use of the breathalyzer test as evidence was filed on behalf of Van Allen on the theory no rules and regulations for certification of the breathalyzer test results were effective from September 1, 1983 to January 12, 1984. The trial court denied the motion concluding that, based on the principle of simultaneous repeal and re-enactment, the old certification statute's rules and regulations continued to govern certification until the new certification statute's rules and regulations became effective. At Van Allen's request, the trial court granted certification of his petition for interlocutory appeal because the issue raised involves the validity of all arrests based on breathalyzer tests given between September 1, 1983 and January 12, 1984.

---

1. IC 9–11–2–2 (1983 Supp.).

2. IC 9–11–2–3 (1983 Supp.).

## ISSUE

Van Allen's appeal focuses on an issue which is one of first impression in Indiana:

When a statute is simultaneously repealed and re-enacted without substantial change, do the rules and regulations promulgated under the repealed statute continue in effect during the interim period until new rules are promulgated under the re-enacted statute?

## DECISION

PARTIES' CONTENTIONS—Van Allen's position is that the old certification statute's rules and regulations no longer had effect once the old certification statute was repealed because the agency's authorization no longer existed. Furthermore, the principle of simultaneous repeal and re-enactment is not applicable here because (1) it pertains to statutes rather than to their underlying rules and regulations and (2) the new certification statute is not a "substantial re-enactment" of the old certification statute. The State, on the other hand, believes the intent of the legislature is clear that the old certification statute's rules and regulations should continue in effect. This intent, the State maintains, is exemplified by the simultaneous repeal and re-enactment of the certification statutes without substantial revision of the certification procedures.

CONCLUSION—The trial court properly denied Van Allen's motion to suppress the results of his breathalyzer test because by simultaneously repealing and re-enacting the certification statutes without substantive change the legislature expressed its intent that the rules and regulations of the old certification statute would remain effective until the new certification statute's rules and regulations were officially promulgated.

Our conclusion in this case can only be cast in terms of analyzing a void. When an old statute with its attendant rules and regulations is repealed and a new statute, not yet implemented with new rules and regulations, is re-enacted, what governs administrative action in the interim period?

Some background in administrative law is necessary to answer the question.

Administrative agencies are creatures of the legislature. Their powers are strictly limited to their authorizing statutes, *e.g.*, rule-making power must be legislatively delegated. *See Town of Merrillville v. Lincoln Gardens Utils. Co., Inc.*, (1976) 170 Ind.App. 245, 351 N.E.2d 914. Then, when rule-making powers have been granted and exercised, a court will only enforce the rules and regulations as long as they are within the scope of the statute:

"In passing on the validity of administrative rules and regulations, the only concern of the court is to ascertain whether the will of the legislature has been obeyed. In reviewing the propriety of an administrative regulation, the court must first determine whether the regulation lies within the scope of the authority conferred, it looks to see whether the regulation harmonizes with the plain language of the statute, its origin and its purpose, and must ascertain whether the regulation is consistent with and reasonably necessary to carry out the purposes of the statutory provisions conferring the rule-making power, and then determine whether the regulation is reasonable and not arbitrary."

73 C.J.S. *Public Administrative Law & Procedure* § 93a, at 603–04 (1983). *See also* 2 AM.JUR.2D *Administrative Law* § 300 (1962). If valid, such a rule or regulation acquires the force and effect of law, "particularly where it is a ... legislative rule, and is an integral part of the statute under which it is made just as though it were prescribed in terms therein." 73 C.J.S., *supra* § 97, at 626–27. *See also Blue v. Beach*, (1900) 155 Ind. 121, 56 N.E. 89. Because they complete the law, legislative rules and regulations generally are effective from their promulgation date until modification or repeal by the agency or legislature and have no retroactive effect. *See* 2 AM.JUR.2D, *supra* § 308; 73 C.J.S., *supra* § 96.

Van Allen does not challenge the legislature's grant of rule-making power to the department of toxicology or the validity of either the old or new certification statute's rules and regulations. His focus is only on the precise dates the old certification statute's rules and regulations presumably lost their effectiveness and force of law and the new certification statute's rules and regulations became binding. In essence, Van Allen would have us mechanistically apply general notions of administrative law to deduce that, on September 1, 1983, when the old certification statute was officially repealed, the old certification statute's rules and regulations were also repealed because their existence was dependent on that of their enabling legislation—like a parasite that can feed only on its host. Because the department of toxicology had not yet been able to promulgate official rules and regulations under the new certification statute at the time he was given a breathalyzer test and the new certification statute's rules and regulations may not be given retroactive effect, Van Allen reasons his motion to suppress the breathalyzer test results must be granted because no certification procedures were in place and without certification procedures the breathalyzer test results are not admissible in court.

We find Van Allen's position superficial. The legislature orchestrates all administrative compositions, and it is our duty to hear the true intent.

One such indicator of legislative intent is the principle of simultaneous repeal and re-enactment. The term simultaneous repeal and re-enactment embodies the concept that "[p]rovisions of the original act or section which are repeated in the body of the amendment, either in the same or equivalent words, are considered a continuation of the original law." 1A C.D. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 22.-33, at 191 (1972). Alternatively stated, if the new certification statute is simply a re-enactment of a substantially unchanged old certification statute which is repealed simultaneously to the effective date of the new certification statute, *the law continues uninterrupted.*

■ This common law doctrine is ordinarily invoked when a savings clause [3] is not present to effectuate a "substitution and not a repeal" of the legislation. 2 AM.JUR.2D, *supra* § 338, at 155. *See generally* 77 A.L.R.2D 336 (1961); 82 C.J.S. *Statutes* § 295 (1953). Consequently, the rights and liabilities created by the repealed statute remain enforceable, and a defendant may be penalized for an offense committed under a statute which has since been repealed. *See, e.g., Iowa Air Pollution Control Comm'n v. City of Winterset,* (Iowa 1974) 219 N.W.2d 549; *Hensley v. Bethesda Sheet Metal Co.,* (1963) 230 Md. 556, 188 A.2d 290; *In Re Earned Income Tax Ordinance,* (1966) 208 Pa.Super.Ct. 424, 222 A.2d 499.

Although we are not applying the doctrine in its usual context because at the time of Van Allen's alleged offense a criminal statute was in effect, we find its concept that legislation may retain the force and effect of law beyond its repeal date significant and applicable. When the legislature expressly bestows upon an administrative agency the power to enact regulatory procedures, the resulting rules must have the force and effect of law because they are in fact an integral part of their enabling statutes. *See Blue, supra.* Hence, despite the old certification statute's repeal on September 1, 1983, if the legislature simultaneously repealed and re-enacted substantially similar certification legislation, it obviously intended that the results of breathalyzer tests continue, without interruption, to be admissible evidence. This means the enabling legislation *and* its ever-present shadow—its legislative rules

---

**3.** We need not address Van Allen's discussion pertaining to the absence of a savings clause in the new certification statute. Indiana law provides a general savings clause, making the absence of a specific savings clause in each statute inconsequential. *See* IC 1-1-5-1 (1982). Furthermore, application of the doctrine of substantial repeal and re-enactment achieves the same result.

and regulations—continued uninterrupted during the period in question.

However, Van Allen takes the position that, in order to constitute a simultaneous repeal and re-enactment, the old and new certification statutes must be substantially similar legislation. The new certification statute is not a "substantial" re-enactment of the old certification statute, he says. What constitutes a "substantial re-enactment" depends, of course, on the nature and scope of the legislation. For example, the Superior Court of Pennsylvania determined their 1965 earned income tax act was a substantial re-enactment of the simultaneously repealed 1947 act because,

> "[a]n examination of the 1965 Act reveals that it is not primarily a new act but is, rather, a revision and consolidation for clarity, certainty and convenience. Thus, as we have indicated, the heart of the statute, those provisions relating to enactment, maximum rate and subjects of taxation, remains unchanged."

*In Re Ordinance, supra* at 433, 222 A.2d at 504. *See also Iowa Comm'n, supra* (enactment of environmental quality act's provisions dealing with air pollution control is a substantial re-enactment of simultaneously repealed laws because methods of prevention, abatement, and control are almost identical and changes as to which agency will oversee controls and the amount of penalties are insignificant).

Our analysis of the two certification statutes reveals no substantial change. Both provisions are parts of acts which seek to punish those who drive while intoxicated. Certification of testing procedures is left to the department of toxicology's expertise under both certification statutes. We perceive only two inconsequential differences in the certification statutes.

Under the new certification statute, the department of toxicology *shall formally* promulgate rules and regulations, whereas the old certification statute simply allows the department to formulate informal rules. The "heart of the statute", the grant of the power to establish rules, re-

mains constant. The second difference is that the old certification statute spoke only of "breathalyzer tests" and the new certification statute includes certification of all "chemical breath tests". The statutory definition of the term "chemical breath tests" is the "analysis of a person's ... breath ... for the determination of the presence of alcohol or a controlled substance." IC 9–11–1–3 (1983 Supp.). As a result, the legislature has simply expanded the director of the department of toxicology's certification powers in recognition of advancing technology in the area of chemical breath tests, no longer limited to the breathalyzer machine. *Cf. Shultz v. State,* (1981) Ind.App., 417 N.E.2d 1127 (statutory amendment which limits agency's certification powers also has no effect on the validity of rules so long as certification of the test results at issue are covered under both the old and new enabling legislation). These two statutes are like a chameleon that has changed color slightly, but remains the same animal.

 As it has been cogently stated, "where the legislative intendment requires that prior legislation remain in force until the administrative body has enacted substitute regulations, *a repeal [of the old rules and regulations] takes place only at the time the [new] administrative regulations go into effect.*" 1A C.D. Sands, *supra* § 23.19, at 255 (emphasis supplied).

Thus, we find no error in the trial court's denial of Van Allen's motion to suppress the results of his breathalyzer test. The old certification statute's rules and regulations were still in force and effect to govern certification procedures from September 1, 1983 to January 12, 1984.

Judgment affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.