**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Russell PAGE, Appellee (Defendant Below).**

**No. 1–884 A 199.**

Court of Appeals of Indiana, First District.

Jan. 10, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Patrick D. Carroll, Bloomington, for appellee.

ROBERTSON, Judge.

The State of Indiana appeals a decision of the Monroe Superior Court granting Russell Page's (Page) motion to correct errors on a conviction for operating a motor vehicle while intoxicated.[1]

On June 28, 1983, Page was charged with operating a motor vehicle while intoxicated, second offense, class D felony. At trial the State presented evidence concerning Page's arrest, including field sobriety tests and a breathalyzer test administered to Page. The State offered its Exhibit # 6 into evidence which was a listing of the twelve steps to follow in the administering of a breathalyzer test.

Upon learning that police officer, James Maxwell had not read the list of twelve steps in the Indiana Administrative Code, counsel for Page objected to the admissibility of Exhibit # 6 as well as to the results from the breathalyzer test. The trial court overruled both objections and on January 19, 1984, the jury returned a verdict of guilty.

On April 16, Page filed his motion to correct errors contending that Exhibit # 6 and the results of the breathalyzer test should not have been admitted into evidence, and requesting that Russell Page be given a new trial. On May 16, the trial court granted the motion to correct errors finding that it had been error to admit into evidence Exhibit # 6 and the breathalyzer test results because the procedures had not been properly promulgated under the Indiana Administrative Code as set forth in IND.CODE 4–22–2.

The courts of this state have explicitly stated that three requirements must be met for breathalyzer test results to be admissible:

(1) The test must be administered by an operator certified by the Department of Toxicology;

(2) The equipment must be inspected and approved by the Department of Toxicology;

(3) The operator must use techniques approved by the Department of Toxicology. *Klebs v. State,* (1974) 159 Ind.App. 180, 305 N.E.2d 781. The foundation requirement under consideration concerns the "approved techniques" used by the operator.

---

**1.** The State is authorized to bring this appeal from the granting of defendant's motion to correct errors under IND.CODE 35–38–4–2(3).

We must examine the statutes and rules concerning breathalyzer tests. Prior to September 1, 1983, certification procedures were governed by this pertinent portion of IND.CODE 9–4–4.5–6 (1982) which is applicable to the present case:

(a) The director of the Department of Toxicology of the Indiana University School of Medicine is authorized to adopt the necessary rules and regulations to set standards for the selection, training, certification and recertification of brealalizer [sic] test operators and to provide for the periodic inspection of breathalizer [sic] test devices.

In addition to the above statute, the following rule was in effect at that time:

Sec. 1 The Director shall approve a method for the administration of a test to analyze breath for ethanol for each approved instrument

(1) Such approved method shall be kept on file in the State Department of Toxicology of Indiana University School of Medicine.

(2) Such approved method shall be followed in making an analysis of breath for ethanol.

260 IAC 1–3–1 (1979 Repl.)

The new provision which became effective September 1, 1983, reads in part, as follows:

(a) The Director of the Department of Toxicology of the Indiana University School of Medicine shall adopt rules, under I.C. 4–22–2, concerning:

(1) Standards and regulations for the:
(A) selection;
(B) training; and
(C) certification; of chemical breath test operators;

(2) Standards and regulations for the:
(A) selection; and
(B) certification; of chemical breath test equipment and chemicals; and

(3) the certification of the proper technique for administering a chemical breath test.

■ An analysis of the two certification statutes reveals that under both, certifica-

tion of testing procedures is left to the Department of Toxicology's expertise. Under the new certification statute, the Department of Toxicology *shall formally* promulgate rules and regulations, whereas the old certification statute simply allows the department to formulate informal rules. "The 'heart of the statute', the grant of the power to establish rules, remains constant". *Van Allen v. State,* (1984), Ind.App., 467 N.E.2d 1210. The pre-1983 statute shows that the only authority given the Director of the State Department of Toxicology regarding techniques was to establish approved methods for the administering of breathalyzer tests and to keep those procedures on file. Therefore, prior to the enactment of the 1983 statute, it was not necessary for the Director of the Department of Toxicology to enact and promulgate procedures pursuant to I.C. 4–22–2–1.

■ In the case at bar, Page was charged prior to September 1, 1983, thus, his case is governed by the statutes and rules in effect at that time. The director did exercise what authority he had been granted at the time, that is, he approved a method for the administering of breathalyzer tests and placed it on file at the Department of Toxicology. We do not feel that the legislature intended the "approved methods" as set forth in the pre-1983 statute to have the force of law. They are only recommended procedures. A breathalyzer operator is not required to follow the approved methods, however, failure to do so could result in the test results being inadmissible in a subsequent trial. The 1983 change in the law, wherein breathalyzer methods are to be specifically promulgated, is a clear departure from earlier legislative intent. Thus, adoption and promulgation of the "approved methods" was not required to be done pursuant to I.C. 4–22–2–1 *et seq.*

The trial court was wrong when it granted Page's motion to correct errors. If error occurred in admitting the breathalyzer test results, it was not due to the lack of procedural promulgation. For the forego-

ing reasons, we reverse the ruling of the trial court.

Judgment reversed.

RATLIFF, P.J., and NEAL, J., concur.