**Kurt F. BOWMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 20S03–9108–CR–672.

Supreme Court of Indiana.

Aug. 30, 1991.

R. Michael Parker, C. Kenneth Wilber, Barnes & Thornburg, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer Deputy Atty., Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Kurt F. Bowman operated an automobile involved in an accident that resulted in fatal injuries to his passenger. Following a jury trial, he was convicted of separate counts charging operating a vehicle while intoxicated, causing death (OWI death), and operating a vehicle with a blood alcohol level of .10% or more, resulting in death (OWBA death). The Court of Appeals affirmed the conviction for OWI death, but reversed and remanded for a new trial on the charge of OWBA death, correctly determining that due to improper procedures used in the administration of the breathalyzer test, the trial court erred in admitting into evidence the test results which indicated a .14% blood alcohol level. *Bowman v. State* (1990), Ind.App., 564 N.E.2d 309. The defendant's petition to transfer asserts that the Court of Appeals applied the wrong standard in reviewing whether the improper breathalyzer evidence also required reversal of the OWI death conviction.

In determining the effect of the erroneous breathalyzer evidence upon the defendant's conviction for OWI death, the Court of Appeals reasoned that, "even absent the breathalyzer test, there was substantial evidence of probative value to support the inference that Bowman was intoxicated." 564 N.E.2d at 312. This is an incorrect standard.

In reviewing whether an error in the introduction of evidence warrants a reversal, the appellate tribunal must assess

the probable impact of the challenged evidence on the jury. Such an error is harmless unless it appears inconsistent with substantial justice. Ind.Trial Rule 61. We must disregard any error which does not affect the substantial rights of the parties. *Id.*

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand,.... But if one cannot say, with fair assurance, *after pondering all that happened* without stripping the erroneous action from the whole, that the judgement was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. *The inquiry cannot be merely whether there was enough to support the result,* apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*Kotteakos v. United States* (1946), 328 U.S. 750, 764–67, 66 S.Ct. 1239, 1247–49, 90 L.Ed. 1557, 1566–67 (quoted with approval in *Miller v. State* (1982), Ind., 436 N.E.2d 1113, 1114 (emphasis added in *Miller*)). We have said that to find harmless an error in the admission of evidence, there must be no substantial likelihood that the evidence contributed to the verdict. *Jaske v. State* (1989), Ind., 539 N.E.2d 14; *Manetta v. State* (1988), Ind., 527 N.E.2d 178; *Hodges v. State* (1988), Ind., 524 N.E.2d 774; *Maiden v. State* (1985), Ind., 477 N.E.2d 275.

▮ Absent the breathalyzer results, the evidence was conflicting. The State's primary witness was Officer Kerwood who administered the field sobriety tests on the scene. He reported that Bowman passed some of the tests but failed the heel-to-toe and finger-to-nose tests. When questioned more specifically, Kerwood stated that Bowman initially performed the finger-to-nose test by touching his right hand to his nose instead of extending only one finger. When this error was pointed out to him, Bowman correctly performed the test using his left hand. In addition, when Officer Kerwood was asked to explain why Bowman failed the heel-to-toe test, he stated that Bowman "didn't fall down, he was just somewhat unsteady," and that Bowman failed because "he could have done better." Record at 565. The report indicated that Bowman was "thick tongued" but in describing this, Officer Kerwood explained "I've heard worse." Record at 553. Contrary evidence presented by the defendant included the testimony of various persons who had seen Bowman that evening and observed that Bowman's speech was clear, he was steady on his feet, he appeared "normal" and "fine." Expert testimony was presented that Bowman's admitted consumption of six drinks prior to the accident would have resulted in a blood alcohol level of .05%.

Because there was conflicting evidence presented upon the issue of whether Bowman was intoxicated, we are unable to conclude that there is no substantial likelihood that the erroneous breathalyzer evidence contributed to the verdict. To the contrary, the .14% breathalyzer test result was likely the determinative factor in the jury's finding of guilt on the charge of OWI death.

▮ Having determined that a new trial is required due to the improper admission of the breathalyzer test results, the Double Jeopardy Clause of the federal Constitution requires that we also address the issue of sufficiency of evidence raised by the appellant. This involves determining whether, considering all the trial evidence, including that erroneously admitted, sufficient evidence exists to support each conviction. *Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265; *Miller v. State* (1991), Ind., 575 N.E.2d 272; *Williams v. State* (1989), Ind., 544 N.E.2d 161. Applying this standard, we find that the defendant's convictions were each supported by sufficient evidence, and this cause can be remanded for retrial on both counts without offending the protections afforded by the Double Jeopardy Clause.

Upon all other issues, the decision of the Court of Appeals is summarily affirmed pursuant to Ind.Appellate Rule 11(B)(3).

Transfer is granted. This cause is remanded for new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.