STATE of Indiana, Appellant–Plaintiff,

v.

Kirby J. TRENT, Appellee–Defendant.

No. 50A05–9110–CR–00339.

Court of Appeals of Indiana,
Third District.

July 28, 1992.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

David M. Welter, Langer & Langer, Valparaiso, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff State of Indiana brings this interlocutory appeal of the trial court's ruling granting a motion to sup-

press filed by appellee-defendant Kirby J. Trent.

The facts relevant to the appeal disclose that on June 29, 1991, Trent was stopped by a police officer in Plymouth, Indiana. The officer administered a test to measure Trent's blood alcohol content. The test was performed on a B.A.C. Data Master. Subsequently, Trent was charged with driving while intoxicated.

On August 8, 1991, Trent filed a motion to suppress the results of the breath test. After a hearing held on September 5, 1991, the trial court granted Trent's motion. This appeal ensued.

In granting Trent's motion, the trial court made the following findings:

"1. On June 29, 1991, Defendant, Kirby Trent, submitted to a chemical test for intoxication.

2. That the test was administered through the use of a BAC Data Master Instrument serial number 881336 located at the Plymouth Police Department, Plymouth, Marshall County, Indiana.

3. At the time said test was administered there were not in effect any rules or regulations directing the operational procedure as required by I.C. 9–11–4–5."

In pertinent part, IND.CODE § 9–11–4–5 [repealed July 1, 1991 and recodified as IND.CODE § 9–30–6–5] provides:

"Breath test operators, equipment and chemicals; certification; rules; certificates as prima facie evidence

(a) The director of the department of toxicology of the Indiana University school of medicine shall adopt rules under IC 4–22–2 concerning the following:

\* \* \* \* \* \*

(2) Standards and regulations for the:

(A) selection; and

(B) certification; of breath test equipment and chemicals; and

(3) The certification of the proper technique for administering a breath test.

\* \* \* \* \* \*

(d) Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this chapter article if:

(1) the test operator;

(2) the test equipment;

(3) the chemicals used in the test, if any; or

(4) the techniques used in the test;

have not been approved in accordance with the rules adopted under subsection (a)."

The State contends that although the Department of Toxicology did not adopt the rules regarding the B.A.C. DataMaster until September 1991, effective October 1991, the test results should be admissible here for two reasons. First, the police officer who administered the test to Trent followed the proposed rules which were later adopted. Second, except for a keyboard, the B.A.C. DataMaster is identical to a breath examination machine previously approved by the Department of Toxicology.

■ I.C. 9–11–4–5(d) states unequivocally and without exception that the results of breath tests are inadmissible if the equipment or techniques have not been approved. Subsequent approval of the equipment and techniques does not meet the requirement of the statute.

■ The State correctly notes that a fundamental rule of statutory construction requires that the statute be construed so as to ascertain and give effect to the legislative intent. *See Whitley v. State* (1990), Ind.App., 553 N.E.2d 511, 513. However, the statute does not include or signal any intent to create exceptions to the mandate that the equipment and techniques must be approved. That the legislature provided for the inadmissibility of the evidence absent the approval, signals that no exceptions were contemplated.

Therefore, the trial court's decision granting the motion to suppress is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.