**Dean H. CROUCH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A01–9310–CR–328.

Court of Appeals of Indiana,
First District.

Aug. 15, 1994.

David J. Colman, Bloomington, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Dean H. Crouch appeals from his conviction for operating a vehicle with a blood-alcohol content of 0.10% or greater, a Class C misdemeanor. We reverse and vacate Crouch's conviction.

## ISSUE

The question presented is whether the trial court erred when it admitted into evidence the results of Crouch's breath test administered on a B.A.C. Datamaster with keyboard.

## FACTS

Crouch was arrested in Monroe County on August 17, 1991, by an officer of the Bloomington Police Department. During the course of Crouch's arrest, the officer administered a breath test to Crouch on a B.A.C. Datamaster with keyboard. The test results showed that Crouch had a blood-alcohol content of 0.17%. Crouch was then charged with operating a vehicle while intoxicated and operating a vehicle with a blood-alcohol content of 0.10% or greater.

On November 5, 1992, prior to the commencement of his jury trial, Crouch made a motion to suppress the results of his breath test. The trial court denied Crouch's motion and the test results were later admitted into evidence over his objection. Crouch was convicted of operating a vehicle with a blood-alcohol content of 0.10% or greater. He now appeals. We will state additional facts where necessary.

## DISCUSSION AND DECISION

Crouch asserts that the trial court erred when it denied his motion to suppress the results of his breath test and, thus, that his conviction for operating a vehicle with a blood-alcohol content of 0.10% or greater should be vacated. Specifically, Crouch contends that on August 17, 1991, the date on which he was arrested and was administered a breath test, the Department of Toxicology had not yet adopted rules governing the accepted method for administering a breath test with the B.A.C. Datamaster with key-

board. The State responds that the trial court properly admitted the breath test results into evidence because the method followed by the police officer who administered the test had been approved by the time of Crouch's trial.

Indiana Code § 9–30–6–5 ("Section 5"), in pertinent part, provides:

(a) The director of the department of toxicology of the Indiana University school of medicine shall adopt rules under IC 4–22–2 concerning the following:

\* \* \* \* \* \*

(2) Standards and regulations for the:

(A) Selection; and

(B) Certification;

of breath test equipment and chemicals.

(3) The certification of the proper technique for administering a breath test.

\* \* \* \* \* \*

(c) Certified copies of certificates issued in accordance with rules adopted under subsection (a):

(1) Are admissible in a proceeding under this chapter, IC 9–30–5, or IC 9–30–9;

(2) Constitute prima facie evidence that the equipment or chemical;

(A) Was inspected and approved by the department of toxicology on the date specified on the certificate copy; and

(B) Was in proper working condition on the date the breath test was administered if the date of approval is not more than one hundred eighty (180) days before the date of the breath test;

(3) Constitute prima facie evidence of the approved technique for administering a breath test; and

\* \* \* \* \* \*

(d) Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this chapter, IC 9–30–5, or IC 9–30–9 if:

(1) The test operator;

(2) The test equipment;

(3) The chemicals used in the test, if any; or

(4) The techniques used in the test;

have not been approved in accordance with the rules adopted under subsection (a).

Pursuant to Section 5(a)(3), the Department of Toxicology adopted rules for using the B.A.C. Datamaster with keyboard on September 6, 1991, which became effective 30 days later. 260 IAC 1.1–4–8; *see* IND. CODE § 4–22–2–36. Crouch was administered a breath test with the B.A.C. Datamaster on August 17, 1991, and was then charged. Therefore, at the time Crouch was charged with operating a vehicle with a blood-alcohol content of 0.10% or greater, his blood-alcohol content was measured by a B.A.C. Datamaster test method which had not yet been approved.

We addressed a similar fact situation in *State v. Trent* (1992), Ind.App., 596 N.E.2d 272. There, Trent was administered a B.A.C. Datamaster test on June 29, 1991. Trent filed a motion to suppress the results of his breath test, and a suppression hearing was held on September 5, 1991, one day before the Department of Toxicology adopted rules which became effective in October of 1991. The trial court granted Trent's motion. In other words, at the time the trial court granted Trent's motion to suppress, the B.A.C. Datamaster test method had not been approved. *Id.* at 273. On appeal, we affirmed the trial court's order granting Trent's motion to suppress and held:

I.C. 9–11–4–5(d) [now IC 9–30–6–5] states unequivocally and without exception that the results of breath tests are inadmissible if the equipment or techniques have not been approved. *Subsequent approval of the equipment and techniques does not meet the requirement of the statute.*

*Id.* (emphasis added).

The State attempts to distinguish *Trent* from the present case on the grounds that, unlike in *Trent,* the B.A.C. Datamaster test method had been adopted at the time of Crouch's trial, when Crouch first made his motion to suppress the breath test results. The State contends that because "regulations regarding the administration of the B.A.C. Datamaster test were in effect at the time the State sought to introduce the evidence at

trial," the trial court had discretion to admit the breath test results. Appellee's Brief at 9. Further, the State points out that the police officer who administered the breath test to Crouch on August 17, 1991, testified that he followed the test method which was subsequently adopted.

The State relies upon the language of Section 5(d) of the statute, which provides that breath test results "are not *admissible* in a proceeding under this chapter" if the equipment or techniques used in the test have not been approved. *See* IND.CODE § 9–30–6–5(d) (emphasis added). That section, the State asserts, focuses on the admissibility of the test results and not on the administration of the test and, thus, "should be interpreted to mean that results of breath tests are not admissible if the operator, equipment, chemicals and techniques used in the test have not been approved *at the time of trial.*" Appellee's Brief at 7 (emphasis in original). We disagree.

The purpose of the statutory mandate in Section 5(a), that the Department of Toxicology "shall adopt rules concerning . . . standards and regulations" for breath test operators, for breath test equipment and chemicals, and for the proper technique for administering a breath test, is to ensure the reliability and accuracy of the results of the test. "Introduction of a breath test lends the aura of scientific certainty to a prosecution for driving while intoxicated, often sealing the fate of the offender in the mind of the trier of fact." *Bowman v. State* (1990), Ind.App., 564 N.E.2d 309, 311, *modified on other grounds* (1991), Ind., 577 N.E.2d 569. "Thus, the detailed procedures to be followed reflect a determination that the test should be as accurate and free from uncertainty as possible." *Id.*

▄ Our courts have consistently held that the necessary foundation for admissibility of a breath test requires proof that the approved methods have been followed. *See*

*Gokey v. State* (1987), Ind.App., 510 N.E.2d 703, 704 (citing *Boothe v. State* (1982), Ind. App., 439 N.E.2d 708, *trans. denied* and *Hartman v. State* (1980), Ind.App., 401 N.E.2d 723). Section 5 and the rules adopted pursuant to that section require strict compliance with the approved method. Failure to comply with the rules has the effect set out in the statute: the results of the breath test are inadmissible. *Bowman,* 564 N.E.2d at 311.

▄ Here, the proper test method for the B.A.C. Datamaster with keyboard had not been approved at the time Crouch was administered a breath test on August 17, 1991. A valid rule or regulation has the force and effect of law, and generally is effective from the promulgation date until modification or repeal by the agency and has "no retroactive effect." *Van Allen v. State* (1984), Ind.App., 467 N.E.2d 1210, 1213; *see also Parsley v. State* (1980), 273 Ind. 46, 48–49, 401 N.E.2d 1360, 1362, *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79 (general rule is that the law in effect at the time a crime is committed is controlling). Therefore, as in *Trent,* subsequent approval of the techniques used to administer the breath test does not meet the requirement of the statute and also violates the general rule that administrative rules and regulations operate prospectively rather than retroactively.[1]

▄ We hold that, under Section 5, the method used in administering a breath test must be approved by the Department of Toxicology at the time the test is administered. We cannot rationalize and approve the application of rules which have not been adopted in the manner provided by law. In this case, our decision only affects the admissibility of evidence obtained prior to the effective date of the approved method for administering a breath test on this equipment.

---

1. We further observe that because Indiana Code § 9–30–6–5(d) controls the admissibility of evidence in a criminal proceeding, the statutory construction urged by the State would violate the constitutional prohibition against ex post facto laws. *See* U.S. Const. art. I, § 10, cl. 1; Ind. Const. art. 1, § 24; *Taylor v. State Election Bd.*

(1993), Ind.App., 616 N.E.2d 380, 383 (ex post factor law includes one "which changes the rules of evidence by which less or different testimony is sufficient to convict"). Thus, a rule promulgated pursuant to Section 5 which has the force of law must take effect before it is applied, not after.

We need not decide any other question.[2] The judgment of the trial court is reversed and Crouch's conviction for operating a vehicle with a blood-alcohol content of 0.10% or greater is vacated.

Reversed.

ROBERTSON and GARRARD, JJ., concur.

---

2. The statutory requirement that the Department of Toxicology adopt rules concerning standards and regulations for the selection and certification of breath test equipment is not an issue in this appeal. *See* IND. CODE § 9–30–6–5(a)(2).