**John STORRJOHANN, Kevin Nofzinger, Deborah Smith, Daniel Kulesza, Kathy Frye, Floyd Wethington, Appellants–Defendants,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 17A03–9412–CR–443.

Court of Appeals of Indiana.

May 31, 1995.

Hugh N. Taylor, Auburn, for appellants.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

John Storrjohann, Kevin Nofzinger, Deborah Smith, Daniel Kulesza, Kathy Frye, and Floyd Wethington (collectively "defendants") appeal the trial court's denial of their motions to suppress breath test results.[1] All are charged with driving while intoxicated, a class A misdemeanor,[2] and operating a vehicle with at least ten-hundredths percent (.10%) by weight of alcohol in the blood, a Class C misdemeanor.[3] While some are charged with additional crimes, only the above charges relate to this appeal. The defendants raise one issue on appeal which we restate as follows: whether the trial court erred in failing to suppress the results of the test as no selection criteria was established for breath-test equipment.

We affirm.

The facts most favorable to the judgment are as follows. The defendants were charged with drunk driving and operating a vehicle with blood alcohol content ("BAC") over .10%. The charges were based in part upon results obtained from a BAC DataMaster breath-test machine. The defendants moved to suppress this evidence on the grounds that no selection criteria for breath-test equipment was promulgated as required by statute. The trial court denied the motion and the defendants appeal.

 The admissibility of evidence is within the sound discretion of the trial court and we review only for abuse of that discretion. *Brenneman Mechanical & Elec., Inc. v. First Nat. Bank of Logansport* (1986), Ind.App., 495 N.E.2d 233, 240, *trans. denied.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180.

 Machine breath-test results are hearsay. *Mullins v. State* (1995), Ind., 646 N.E.2d 40, 48; Indiana Rule of Evidence 801(c). Hearsay is inadmissible absent a judicially or statutorily created exception, *Mullins, supra,* but an exception exists for BAC analysis. I.C. § 9–30–6–15(a).

The standards and regulations for breath testing are set forth in I.C. § 9–30–6–5. The statute states, in part:

(a) The director of the department of toxicology of the Indiana University school of medicine *shall adopt rules* under IC 4–22–2 *concerning the following:*

 (1) Standards and regulations for the:

 (A) Selection;

 (B) Training; and

 (C) Certification;

 of breath test operators.

 (2) *Standards and regulations for the:*

 (A) *Selection;* and

 (B) Certification;

---

1. All six cases come from the DeKalb Superior Court and were consolidated for interlocutory appeal.

2. Ind.Code § 9–30–5–2.

3. I.C. § 9–30–5–1.

*of breath test equipment* and chemicals.

(3) The certification of the proper technique for administering a breath test.

\* \* \* \* \* \*

(c) Certified copies of certificates issued in accordance with rules adopted under subsection (a)....

\* \* \* \* \* \*

(2) Constitute prima facie evidence that the equipment or chemical ... [was] inspected and approved by the department of toxicology on the date specified on the certificate copy....

\* \* \* \* \* \*

(d) Results of chemical tests that involve an analysis of a person's breath are *not admissible* in a proceeding under ... IC 9–30–5 ... *if:*

(1) The test operator;

(2) The *test equipment;*

(3) The chemicals used in the test, if any; or

(4) The techniques used in the test;

*have not been approved* in accordance with the rules adopted under subsection (a). I.C. § 9–30–6–5 (emphases added).

■ The defendants argue that the Data-Master results were inadmissible because the department did not adopt standards for the selection of breath-test equipment as subsection (a) requires. I.C. § 9–30–6–5(a)(2)(A). The Indiana Administrative Code, the defendants' argue, contains no selection standards for breath-test equipment. 260 IAC 1, *et seq.* Therefore, the defendants' conclude, the breath-test results must be suppressed under subsection (d) as the BAC DataMaster has not been properly approved.

The defendants' argument fails for several reasons. First, the Indiana Administrative Code reveals some standards for the selection of breath-test equipment. 260 IAC 1.1–2–1. Specifically, breath-test machines must be capable of using a known ethanol-water or ethanol-gas solution to simulate an ethanol-breath solution. 260 IAC 1.1–2–1(e)(1). Further, the machine's results cannot deviate more than minus eight percent from the known alcohol content of the ethanol-based test solution. 260 IAC 1.1–2–1(e)(2). Finally, for purposes of inspection, the machine must yield results to the third decimal. 260 IAC 1.1–2–1(e)(3). Though these standards are not specifically designated as selection criteria, they plainly set specific machine type and accuracy requirements for departmental approval. We see no requirement that selection standards be listed under an independent heading or address any particular parameters. We conclude that more elaborate selection criteria than that listed above are not required.

■ Next, we see no basis in the statute for suppression based upon a lack of selection criteria.[4] Breath-test results are only inadmissible when some aspect of the test is not approved by the department. *Mullins, supra,* at 49 [5]; I.C. § 9–30–6–5(d).

In this case, the same BAC DataMaster was used to test each defendant. The defendants present only the narrow issue about the alleged lack of selection criteria, raising no issue as to certification. Thus, there is no dispute that the DataMaster was approved. I.C. § 9–30–6–5(c). So long as the operator, equipment, chemicals, and techniques used in the test are approved, the results are admissible. *Id.* Even assuming a lack of selection criteria, we see no basis to suppress.

■ Finally, the defendants' argument fails because any equipment for which the department has adopted an approved method of use implicitly meets the department's selection criteria. The department has promulgated approved methods for using the Data-

---

**4.** The defendants urge that I.C. § 9–30–6–5 is a penal statute and, as such, must be strictly construed in their favor. To the contrary, a statute must itself impose a penalty to be considered "penal" and therefore require strict construction against the State. *See Carson v. State* (1979), 271 Ind. 203, 205, 391 N.E.2d 600, 602 (only statutory definitions of crimes given strict construction). This statute is not penal.

**5.** In *Mullins,* the BAC DataMaster used had not been certified within 180 days before use as the code requires. 260 IAC 1.1–2–2(a). Despite this, the Indiana Supreme Court concluded that since the machine was certified six days after the test, it was an approved machine. *See* I.C. § 9–30–6–5(c). Accordingly, the results could not be suppressed under subsection (d). *Mullins, infra.*

Master, 260 IAC 1.1–4–7, –8,[6] so the machine meets whatever selection criteria for reliability the department has set.

The defendants argue that strict, literal compliance with I.C. § 9–30–6–5 is required for admissibility as scientific results are clothed with the aura of certainty. *See Bowman v. State* (1990), Ind.App., 564 N.E.2d 309, 312, *relevant part aff'd on trans.* (1991), Ind., 577 N.E.2d 569. While we agree with the holding of *Bowman* and related authority, those cases concerned either a lack of approved operating methods, *See Crouch v. State* (1994), Ind.App., 638 N.E.2d 861, or a failure to follow those methods, *See Bowman, supra.* Failure to follow approved methods clearly renders breath-test results unreliable. Lack of definite selection criteria, on the other hand, does not affect the reliability of results derived from undeniably approved, certified, and properly-operated equipment. We believe that strict compliance, as required by *Bowman,* applies only to those matters which affect reliability.

For these reasons, the trial court did not abuse its discretion in failing to suppress the results of the DataMaster breath test.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur in result.

---

6. It is unclear whether or not the DataMaster breath test machine used in this case had a keyboard, it is irrelevant as the department has approved both machine types.