# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JOHN L. TOMPKINS**
**L. SCOTT PEJIC**
Brown Tompkins Lory & Mastrian
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 18 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TANNER PIOTROWSKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1306-CR-222 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Jennifer L. Koethe, Judge
Cause No. 46D03-1212-CM-3759

**February 18, 2014**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

In this interlocutory appeal, Tanner Piotrowski challenges the trial court's denial of his Motion to Exclude Any Evidence or Testimony from the State Department of Toxicology. Piotrowski raises one issue, which we revise and restate as whether the court erred in denying his request to exclude evidence. We affirm.

FACTS AND PROCEDURAL HISTORY

On December 12, 2012, the State charged Piotrowski with operating while intoxicated in a manner that endangered a person as a class A misdemeanor, operating while intoxicated with .15% or more blood alcohol content as a class A misdemeanor, and operating while intoxicated as a class C misdemeanor. On March 1, 2013, Piotrowski filed a Motion to Exclude Any Evidence or Testimony from the State Department of Toxicology (the "Motion to Exclude") stating that the Indiana University School of Medicine State Department of Toxicology, governed under Title 21 of the Indiana Code (the "Title 21 Department"), was legally terminated by Pub. L. No. 158-2011, effective July 1, 2011, and codified at Ind. Code §§ 10-20-2, that Ind. Code § 10-20-2-7 provided for a transition from the Title 21 Department to the new State Department of Toxicology (the "Title 10 Department"), that the rules promulgated by the Title 21 Department did not apply to the Title 10 Department as of July 1, 2012, when the transition period codified at Ind. Code § 10-20-2-7(d) expired, and that "[i]n the absence of any rule making authority and in the absence of any new rules adopted by the Title 10 Department, no existing regulations or laws relating to procedures for the training of officers, or for certification or adoption of breath test machines are effective under the Title 10 Department." Appellant's Appendix at 56. The Motion to Exclude concludes

2

that "[a]s a result, any certificates of training and/or maintenance or calibration or certification of machines dated after July 1, 2012 have been issued without legal authority by the Title 10 Department and should not be considered as evidence in this cause." Id.

The State filed its response to the Motion to Exclude on April 9, 2013, and on April 26, 2013, Piotrowski filed a Supplement to the motion. That same day, the State filed its Supplemental Response to Piotrowski's Motion to Exclude, and the court held a hearing on the motion. On May 14, 2013, the court issued an order which found as follows:

1. [Piotrowski] has moved to exclude any evidence generated by the State Department of Toxicology arguing that there are no existing regulations in effect relating to the procedures for training of officers, or for the certification or adoption of breath test machines. [He] further argues that no rules or regulations regarding these procedures have been adopted since the transition period expired on July 1, 2012 from the department of toxicology of the Indiana University School of Medicine to the State Department of Toxicology in accordance with *Indiana Code 10-20-2-7*.

2. The Court DENIES [Piotrowski's] Motion to Exclude Evidence. The Court finds that the legislature changed the operating or controlling authority of the department of toxicology of the Indiana University School of Medicine to the State Department of Toxicology in accordance with *Indiana Code 10-20-2*. The Court further finds that the current State Department of Toxicology is operating in accordance with the *260 IAC Rules* previously adopted by the department of toxicology of the Indiana University School of Medicine in 2007. 'Where the legislature intendment requires that prior legislation remain in force until the administrative body has enacted substitute regulations, a repeal [of the old rules and regulations] takes place only at the time the [new] administrative regulations go into effect.' *Van Allen v. State, 467 N.E.2d 1210, 1215 (Ind. Ct. Ap. 2nd Dist. 1984)* . . . . These rules remain in full force and effect and only expire when another emergency rule or permanent rule amends, repeals or otherwise supersedes the rule. *Indiana Code 9-30-6-5.5(b)*.

3

Id. at 17. On June 12, 2013, Piotrowski filed a motion to certify interlocutory order pursuant to Indiana Trial Rule 14(B) which the court granted the same day. He filed a petition to entertain jurisdiction in this court on June 14, 2013, which this court granted on July 19, 2013. The trial court thereafter issued a stay of all proceedings pending the resolution of this interlocutory appeal.

## ISSUE / STANDARD OF REVIEW

The issue is whether the trial court erred in denying Piotrowski's request to exclude evidence. Generally, when reviewing a trial court's denial of a defendant's motion to suppress or exclude evidence, as in sufficiency of evidence analysis generally, we construe conflicting evidence in the light most favorable to the ruling. Kelly v. State, 997 N.E.2d 1045, 1050 (Ind. 2013). "In the particular context of a motion to suppress, however, we will also consider any substantial and uncontested evidence favorable to the defendant." Id.

Here the court based its decision to deny Piotrowski's Motion to Exclude upon its interpretation of Ind. Code §§ 10-20-2, and specifically Ind. Code § 10-20-2-7. To the extent that this case requires this court to engage in statutory interpretation, we review such matters *de novo* because they present pure questions of law. Gardiner v. State, 928 N.E.2d 194, 196 (Ind. 2010). Where, as here, a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. Shaffer v. State, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003). "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004), reh'g

4

denied. If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. Id. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. Id. "The judicial function is to apply the laws as enacted by the legislature." Moore v. State, 949 N.E.2d 343, 345 (Ind. 2011).

DISCUSSION

Public Law Number 158-2011, the legislation establishing the Title 10 Department, added the following provisions relevant to our discussion, as codified under Title 10 of the Indiana Code and in effect on July 1, 2011:

**10-20-1-2** "Department"

"Department" refers to the state department of toxicology established by IC 10-20-2-1.

* * * * *

**10-20-2-1** Establishment

The state department of toxicology is established as a department of state government.

* * * * *

**10-20-2-7** References to prior department; transfer of property, obligations, and money

    (a)    After June 30, 2011, a reference in any law, rule, contract, or other document or record to the state department of toxicology established under IC 21-45-3 shall be treated as a reference to the department.

5

(b)     On July 1, 2011, the property and obligations of the state department of toxicology established under IC 21-45-3 are transferred to the department.

(c)     Money that is in any fund or account administered by the state department of toxicology established under IC 21-45-3 on June 30, 2011, shall be transferred to the department.

(d)     This section expires July 1, 2012.

Piotrowski argues that Ind. Code § 9-30-6-5(a), as amended by Pub L. No. 158-2011, when read in concert with Ind. Code § 10-20-2-7(a), -7(d), require reversal of the court's denial of his Motion to Exclude. Specifically, Piotrowski highlights that Ind. Code § 9-30-6-5(a) was amended as follows: "(a) The director of the **state** department of toxicology ~~of the Indiana University school of medicine~~ shall adopt rules under IC 4-22-2 concerning the following," which includes standards and regulations for breath test operators and breath test equipment and chemicals.[1]   Appellant's Brief at 9 (quoting Appellant's Appendix at 70). Piotrowski argues that it is clear the legislature intended to "rescind the Title 21 Department's regulatory authority," and that the Title 10 Department "had a mandate to promulgate toxicology regulations . . . ." Id. Piotrowski suggests that the sunset provision contained as Ind. Code § 10-20-2-7(d) established a deadline whereby the rules promulgated by the Title 21 Department would expire, and that as of July 1, 2012, because the Title 10 Department did not promulgate its own regulations, no legal regulations were in existence, and that accordingly the evidence at issue should have been excluded.

---

[1] The language added by Pub. L. No. 158-2011 is shown in bold text, and the deleted language is shown in strikethrough text.

6

Piotrowski also argues that the court erred in relying upon <u>Van Allen v. State</u>, 467 N.E.2d 1210 (Ind. Ct. App. 1984), and Ind. Code § 9-30-6-5.5(b) for the proposition that the toxicology rules promulgated by the Title 21 Department "remain in full force and effect and only expire when another emergency rule or permanent rule amends, repeals or otherwise supersedes the rule." Appellant's Brief at 10 (quoting Appellant's Appendix at 23). Piotrowski maintains that Ind. Code § 9-30-6-5.5 is an expired statute, noting that its expiration is "obvious" because it refers to the Title 21 Department. <u>Id.</u> at 11. Regarding <u>Van Allen</u>, he suggests that its holding is distinguishable because, unlike in that case, "[h]ere the legislature clearly **did not** repeal and re-enact statutes without substantive changes." <u>Id.</u> at 12. Additionally, Piotrowski argues that unlike in <u>Van Allen</u>, the legislature expressed its intent of having the new Title 10 Department promulgate rules and that the old rules would not remain in effect after July 1, 2012.

The State begins by stating that the parties agree that on July 1, 2011, the Title 10 Department began operating under the rules codified at 260 Ind. Admin. Code 1.1 and that "[a]t its heart, [Piotrowski's] argument is that the transfer of the rules codified at 260 IAC 1.1 to the Title 10 [D]epartment expired on July 1, 2012, when Indiana Code Section 10-20-2-7 . . . expired by operation of subsection 7(d)." Appellee's Brief at 8. The State contends that the legislature's intent in crafting Ind. Code § 10-20-2-7 was to transfer control from the Title 21 Department to the Title 10 Department and that such transfer included the rules in existence codified at 260 IAC 1.1, and it notes that this is apparent based upon the language of subsection (a). The State also directs our attention to Ind. Code § 1-1-5-5, which provides as follows:

(a)    This section applies to the repeal or expiration of a statute or part of a statute authorizing either of the following:

    (1)    The transfer, conveyance, or acceptance of:

        (A)    property;

        (B)    powers, duties, and liabilities; or

        (C)    rules adopted under IC 4-22-2;

    by a governmental entity.

    (2)    Cession or retrocession of jurisdiction over property between the state and the United States.

(b)    The repeal or expiration does not affect the validity of the transfer, conveyance, or acceptance of:

    (1)    property;

    (2)    powers, duties, and liabilities; or

    (3)    rules;

    occurring before the effectiveness of the repeal or the date of the expiration.

(c)    The repeal or expiration does not affect the validity of the cession or retrocession of jurisdiction over property between the state and the United States.

The State maintains that this provision "applied to Indiana Code Section 10-20-2-7, which transferred the rules adopted in 260 IAC 1.1 to the Title 10 [D]epartment, a government entity, which accepted them," and accordingly the expiration of Section 7 "did not affect the validity of the transfer of those rules which occurred on July 1, 2011, before its expiration." Id. at 10-11.

8

The State suggests that had the legislature intended that the Title 10 Department promulgate an entirely new set of rules, it would have expressly said so. The State also notes that if Piotrowski's interpretation of Section 7 was correct, then subsections 7(b) and 7(c), which transferred toxicology department property, obligations, and monies to the Title 10 Department, would similarly have been affected by the July 1, 2012 expiration date found in subsection 7(d), but that "[t]he legislature could not have intended that the Title 10 [D]epartment [] take possession of the property and money from the Title 21 [D]epartment for only a one-year period." Id. at 12 n.3. The State's position is that the legislature's intent and purpose was clear: to terminate control over the department of toxicology by the Indiana University School of Medicine and transfer control and management to the State of Indiana.[2]

## DECISION

We agree with the arguments of the State. Specifically, we find that Piotrowski's suggestion that the sunset provision contained in Section 7(d) has the effect of causing rules established by the former Title 21 Department to expire and no longer be enforceable is erroneous as it is contrary to Ind. Code § 1-1-5-5. Subsection 5(b)(3) provides that the any repeal or expiration of a statute authorizing the transfer of rules does not affect the validity of the transfer of such rules occurring before the effectiveness of the repeal or the date of the expiration. Ind. Code § 1-1-5-5 is precisely on point under

---

[2] The State also argues that "[e]ven accepting [Piotrowski's] argument that new rules must be promulgated, the breath test evidence is still admissible" because the "expiration of the rules would not make the breath test evidence *per se* inadmissible when all of the procedures in the rules were followed, the department approved the test, and the evidence is presumptively reliable." Appellee's Brief at 17, 20. Because we affirm the trial court's interpretation of Ind. Code § 10-20-2-7, however, we need not address this argument.

these circumstances and operates to continue the enforceability of the rules at issue, codified at 260 IAC 1.1. In this regard, we agree with the State's argument that taking Piotrowski's argument at face value, the expiration of Section 7 on July 1, 2012 would also affect the transfer of toxicology department property, obligations, and monies to the Title 10 Department from the Title 21 Department, which could not have been the legislature's intent.

Also, to the extent Piotrowski suggests that Ind. Code § 9-30-6-5.5 is expired or is no longer in force or effect, he is mistaken. Indeed, Ind. Code § 9-30-6-5.5 was added to the Indiana Code by Public Law Number 220-2011, § 231 (eff. July 1, 2011), which was *subsequent* to Public Law Number 158-2011. We also note that Ind. Code § 9-30-6-5.5 was amended (in a manner not impacting our analysis) by Public Law Number 40-2012, which noted the effective date of the statute as amended as July 1, 2012, which happens to be the same date Piotrowski suggests that "[b]y operation of law . . . reference to the [Title 21] Department could no longer be read as a reference to the new Title 10 Department."[3] Appellant's Brief at 11.

Ind. Code § 9-30-6-5.5(a) gave authority to the director of the Title 21 Department, and, by operation of Ind. Code § 10-20-2-7(a), the director of the Title 10 Department, to "[n]otwithstanding IC 4-22-2 . . . adopt a rule required under section 5 of this chapter, section 6 of this chapter, or both in the manner provided for emergency rules

---

[3] We note that Piotrowski argues that "[i]t is important to recognize that the legislature did not revise IC § 9-30-6-5.5 in P.L. 158-2011, and therefore did not extend any of its authority to the new Department." Appellant's Brief at 11. However, as noted above, Ind. Code § 9-30-6-5.5 had not yet been promulgated at the date of passage of Pub. L. No. 158-2011.

under IC 4-22-2-37.1." The rules established under Ind. Code § 9-30-6-5.5(b) were effective when filed with the secretary of state and will expire when either another emergency rule is adopted to amend, repeal, or otherwise supersede a previously-adopted emergency rule or a permanent rule is adopted under Ind. Code § 4-22-2 which amends, repeals, or otherwise supersedes a previously-adopted emergency rule.[4]

After reviewing the relevant statutes, we find that the legislature intended Ind. Code § 10-20-2-7 to effectuate a transfer of control of the Department of Toxicology from the Indiana University School of Medicine to the State of Indiana. Although the legislature transferred rulemaking authority to the State, it did not specifically require the State to promulgate a new set of rules regarding breath testing and gave the State discretion to rely upon the rules previously in existence. Accordingly, we conclude that the court did not err when it denied Piotrowski's Motion to Exclude. Cf. Van Allen, 467 N.E.2d at 1215 (noting that "where the legislative intendment requires that prior legislation remain in force until the administrative body has enacted substitute regulations, *a repeal [of the old rules and regulations] takes place only at the time the*

---

[4] We observe that Ind. Code § 9-30-6-5.5(b) states in its entirety as follows:

(b)     A rule adopted under this section is effective when it is filed with the secretary of state and expires on the latest of the following:

    (1)     The date that the director adopts another emergency rule under this section to amend, repeal, or otherwise supersede the previously adopted emergency rule.

    (2)     The date that the director adopts a permanent rule under IC 4-22-2 to amend, repeal, or otherwise supersede the previously adopted emergency rule.

    (3)     July 1, 2001.

11

*[new] administrative regulations go into effect*") (quoting 1A C.D. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 23.10, at 191 (1972)).

## CONCLUSION

For the foregoing reasons, we affirm the court's denial of Piotrowski's Motion to Exclude.

Affirmed.

ROBB, J., and BARNES, J., concur.