Ronald W. FLOYD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–679A162.

Court of Appeals of Indiana,
Third District.

Jan. 31, 1980.

Thomas A. Swihart, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Following a bench trial defendant-appellant Ronald W. Floyd was convicted of leaving the scene of an accident, IC 1971, 9–4–1–40 (1979 Burns Supp.); driving while intoxicated, IC 1971, 9–4–1–54 (1979 Burns Supp.); and driving while license suspended, IC 1971, 9–1–4–52 (1979 Burns Supp.). In each of these offenses it was essential for the State to prove beyond a reasonable doubt that the defendant drove or operated a motor vehicle at the time in question. The crux of Floyd's argument is that there was insufficient evidence adduced at trial to establish his operation or driving of a vehicle.

Where questions concerning the sufficiency of evidence are presented on appeal only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom, will be considered. Furthermore, it is not the function of an appellate tribunal to weigh the evidence or determine the credibility of witnesses. *Rose v. State* (1976), Ind.App., 345 N.E.2d 257. A conviction will not be reversed unless the reviewing court finds that reasonable persons are unable to form inferences as to each material element so as to find the defendant guilty beyond a reasonable doubt. *Kyles v. State* (1979), Ind. App., 391 N.E.2d 642.

Viewing the evidence in a light most favorable to the judgment discloses that on September 24, 1978 Patrolman David Coleman was dispatched to investigate an accident in the 7000 block of Bluffton Road in Allen County. Upon arriving at the scene he discovered that a 1966 Rambler had collided with a 1973 Buick LeSabre and the impact had dislodged the Buick 25 feet from its parked position.[1] As a result of the collision several passengers in the Rambler were injured. Coleman questioned them in an effort to ascertain who had driven the Rambler during the mishap. He remained on the scene until an ambulance arrived.

Once the injured had been tended to, Coleman headed south on Bluffton Road. In the 6400 block of Bluffton Road he observed a white male who matched the description of the driver as it had been related to him. This subject, later identified as the defendant, was unable to stand upright without assistance and appeared to be very intoxicated. His speech was slurred and there was blood on him. When Coleman asked him if his name was Ronald Floyd and if he owned a 1966 Rambler, the defendant responded in the affirmative.[2] However, when queried as to whether he had been involved in an accident on Bluffton Road the defendant made no reply.

Subsequently Patrolman Charles Lane asked the defendant if he would take a breathalyzer test. The defendant agreed to take the test but stated that he was not driving the car. The breathalyzer test indicated that the blood alcohol level of the defendant was .347%. The record also revealed that the driver's license of the defendant had been suspended prior to this incident.

Under these facts and circumstances one conclusion seems inescapable: that no reasonable inference could be drawn from the direct or circumstantial evidence to connect the defendant with driving or operating a vehicle at the time in question. It is suggested but not proven. There was no testimony as to the length of time between when the accident happened and when the defendant was spotted by Coleman. Fur-

---

1. Actually Coleman never testified that the vehicle causing the collision was a 1966 Rambler. He merely described it as "vehicle number one." The only evidence even remotely identifying "vehicle number one" as a 1966 Rambler

is Coleman's testimony that he asked the defendant if he owned a 1966 Rambler.

2. It was borne out at trial that the Rambler was registered to one Donna Floyd.

thermore, identification of the vehicle causing the collision was vague in that it was never identified by model, type, year or color. Similarly, identification of the defendant as the driver or operator of the vehicle at issue is totally lacking. None of the State's witnesses placed the defendant at the scene of the accident. No witness identified him as the driver or operator of the car or established that he had ever driven it. On the contrary, Lane's testimony revealed that the defendant denied driving the automobile. Moreover, the fact that the defendant admitted owning a 1966 Rambler does not supply the missing inference, since the record discloses only that the car in question was registered to one Donna Floyd. No attempt was made to link her with the defendant. Proof of ownership of the vehicle by someone who shares a last name similar to the defendant's is too indirect to permit an inference of guilt.

██ At best, the evidence showed that the defendant was seen six blocks from the accident sometime after its occurrence. He was in an intoxicated state and there was blood on him. He owned a 1966 Rambler. However, the mere suspicion or possibility of guilt is not sufficient to sustain a conviction. *Reed v. State* (1979), Ind.App., 387 N.E.2d 82. To say with certainty that the defendant was the driver or operator under these facts is to rest the convictions upon surmise and conjecture and not upon proper and reasonable inferences inevitably drawn from the web of evidence. For these reasons the convictions cannot stand.

Judgment reversed.

Reversed.

GARRARD, P. J., and STATON, J., concur.