ATTORNEY FOR APPELLANT

Charles W. Lahey
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 71S03-0704-CR-151

| | | |
|---|---|---|
| PHILIP LITTLER, | | *Appellant (Defendant below),* |
| | v. | |
| STATE OF INDIANA, | | *Appellee (Plaintiff below).* |

Appeal from the St. Joseph Superior Court, No. 71D08-0412-FA-119
The Honorable Roland Chamblee, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 71A03-0510-CR-509

**August 8, 2007**

**Dickson, Justice.**

Eighteen-year-old Neal Littler died from a gunshot injury suffered in a fight with his twin brother, defendant Philip Littler. Convicted of Neal's murder, Philip's direct appeal challenges the trial court's exclusion of their mother's testimony regarding Neal's prior conduct.[1] The Court of Appeals affirmed in a memorandum opinion. We granted transfer and now reverse.

Defending against the murder charge at trial, Philip asserted self-defense and claimed that

---

[1] The defendant's direct appeal also contends that the murder charge was not timely filed, and that the evidence of murder was insufficient. As to the claim of insufficient evidence, we summarily affirm the decision of the Court of Appeals. Ind. Appellate Rule 58(A). With respect to the defendant's claim that the murder charge was untimely filed, we find this issue has been rendered moot by today's opinion.

Neal was threatening and attacking Philip with a knife. Philip sought to present evidence of certain events and specific acts committed by Neal in the past upon which Philip claimed he reasonably relied for his belief that Neal posed a threat of serious bodily injury or death. Among his proposed witnesses, Philip listed the mother of Philip and Neal. The State filed a motion in limine seeking to preclude Philip from presenting any evidence of Neal's prior conduct other than through Philip's own testimony. Philip responded that, following his own testimony about these matters, he intended to provide corroboration by presenting the mother's testimony. The trial court granted the State's motion and refused to permit Philip to call the twins' mother to corroborate his testimony.[2]

In this appeal, Philip seeks reversal on grounds that the trial court erroneously prevented him from presenting his mother's testimony. The State's response does not dispute that the exclusion was erroneous but argues only that any error did not affect Philip's substantial rights, appealing to what is often referred to as the "harmless error" doctrine. Harmless error is an error that does not "'affect the substantial rights of a party.'" Thomas v. State, 774 N.E.2d 33, 36 (Ind. 2002) (quoting Fleener v. State, 656 N.E.2d 1140, 1141 (Ind. 1995)). "Harmlessness is ultimately a question of the likely impact of the evidence on the jury." Witte v. Mundy, 820 N.E.2d 128, 135 (Ind. 2005).

Neal's death occurred when Philip and Neal got into an argument that escalated into a physical altercation. At one point, Neal brandished a knife and Philip pulled out a handgun. In his trial testimony, Philip stated that Neal then threatened to kill him and that Neal, armed with the knife, made an abrupt movement toward Philip, prompting him to fire the handgun at Neal from about three feet away, because he thought that Neal was going to stab him. Philip explained that this belief was fueled by his awareness of previous incidents in which Neal had stabbed Philip and other people, including their stepfather, and by Philip's knowledge that Neal had been hospitalized on several occasions associated with his diagnosis of bi-polar disorder and

---

[2] The trial court also refused to permit the defense to present an offer of proof. Such offers of proof are important procedural tools benefiting not only the parties and the trial court, but especially the reviewing appellate court. While a trial court may exercise reasonable discretion in determining the timing and extent of such a motion, the court should very rarely completely deny a party's request to make an offer of proof, and then only upon clear abuse by the requesting party.

2

that Neal had quit taking his medicine, had stopped going for mental health treatment, and was in a manic state during the argument. The incident was observed by Neal and Philip's fourteen-year-old cousin, who testified that Neal had pulled a knife, threatened to use it against Philip, and was moving as if to stab Philip when Philip fired the handgun at Neal.

Following Philip's testimony, the defense attempted to call their mother "for the purpose of testifying to the fact that the various instances of bad acts by Neal that Philip has testified to did in fact happen and his testimony in that regard is true." Tr. of Proceedings for Aug. 18 at 94. On appeal, the State acknowledges Brand v. State, 766 N.E.2d 772, 782 (Ind. Ct. App. 2002), *trans. denied*, and its holding that witnesses other than the defendant should be allowed to provide testimony to corroborate the specific prior acts by the victim that a defendant uses to support a claim of self-defense on the grounds of reasonable fear.

The State argues, however, that "[w]here the wrongfully excluded testimony is merely cumulative of other evidence presented, its exclusion is harmless error," citing Sylvester v. State, 698 N.E.2d 1126, 1130 (Ind. 1998). Appellee's Br. at 8-9. But Sylvester addressed the exclusion of hearsay statements made by a homicide victim allegedly killed in sudden heat and noted that extensive other testimony had already been admitted to separately establish the defendant's contentions regarding the excluded cumulative evidence. In the present case, Philip sought not to present hearsay evidence but to enable the jury to hear first-hand confirmation of facts that Philip alleges were foundational to his fear that Neal intended to stab him. The exclusion of such evidence is not harmless under Sylvester.

Additionally, the State urges that any error in excluding the mother's testimony is harmless because the physical evidence demonstrated that Philip savagely attacked Neal, that Neal did not hurt Philip "with any knife, and Neal's brass knuckles remained in his pocket," and that "[t]he evidence of the twins' mother . . . would not have changed the outcome of the case." Appellee's Br. at 9.

The applicable version of the self-defense statute states: "[A] person is justified in using deadly force only if the person *reasonably* believes that that force is necessary to prevent serious

3

bodily injury to the person or a third person or the commission of a forcible felony." Ind. Code 35-41-3-2(a) (2004) (emphasis added). Several other jurisdictions have recognized that self-defense includes both subjective and objective components. As stated by the Alaska Supreme Court:

> [T]o employ self-defense a defendant must satisfy both an objective and subjective standard; he must have actually believed deadly force was necessary to protect himself, and his belief must be one that a reasonable person would have held under the circumstances.

Weston v. State, 682 P.2d 1119, 1121 (Alaska 1984). This approach is also reflected in State v. Lewis, 245 Conn. 779, 811, 717 A.2d 1140, 1157-58 (1998); State v. Augustin, 101 Haw. 127, 132, 63 P.3d 1097, 1102 (Haw. 2002); State v. Smith, 472 A.2d 948, 950 (Me. 1984); State v. Moore, 158 N.J. 292, 309-10, 729 A.2d 1021, 1030 (1999); and People v. Goetz, 68 N.Y.2d 96, 113, 497 N.E.2d 41, 51-52, 506 N.Y.S.2d 18, 28-29 (N.Y. 1986). We agree and hold that the phrase "reasonably believes," as used in the Indiana self-defense statute, requires both subjective belief that force was necessary to prevent serious bodily injury, and that such actual belief was one that a reasonable person would have under the circumstances.

Philip clearly asserted self-defense and provided evidence in support of this claim. Philip testified to his actual fear that Neal was about to stab him and to his knowledge of Neal's prior conduct and circumstances warranting Philip's belief that he needed to use force to prevent Neal from inflicting serious bodily injury. The cousin provided testimony that tended to corroborate Philip's version of the fight, Neal's attempt to stab Philip, and Philip's firing of the handgun in self-defense. But Philip was not permitted to provide any corroboration of his allegations of facts supporting his belief that deadly force was necessary. The extent of Neal's injuries does not necessarily disprove Philip's claim of self-defense. The mother's testimony confirming Neal's numerous prior stabbings, his mental condition, and his history of violent behavior would be very probative and relevant to the jury's evaluation of the objective reasonableness of Philip's belief that he needed to use force against Neal and would also lend substantial credibility to Philip's assertions. We cannot conclude that the exclusion of the mother's testimony did not affect Philip's substantial rights. The harmless error doctrine does not apply here, and we reverse Philip's conviction.

4

Although that erroneous exclusion of evidence compels the reversal of his murder conviction, the defendant remains subject to retrial on this charge. Where a new trial is required due to trial error, and a defendant presents a claim of insufficient evidence, an acquittal instead of a new trial will be required if the proof of the defendant's guilt is found to be insufficient in light of the evidence actually presented. Rohr v. State, 866 N.E.2d 242, 247-48 (Ind. 2007); Bowman v. State, 577 N.E.2d 569, 571 (Ind. 1991); *see also* Lockhart v. Nelson, 488 U.S. 33, 40-41, 109 S.Ct. 285, 290-91, 102 L.Ed.2d 265, 273-74 (1988); Miller v. State, 575 N.E.2d 272, 276-77 (Ind. 1991); Williams v. State, 544 N.E.2d 161, 163 (Ind. 1989). The Court of Appeals addressed and rejected Philip's claim of insufficient evidence, and we summarily affirm its resolution of this issue. *See supra* note 1. He is thus subject to retrial on the murder charge.

In this appeal, Philip requests that reversal due to the improper exclusion of testimony should apply to all his convictions, not just that for murder. But as to the defendant's other convictions—for possession of a handgun with identification obliterated and for escape—the erroneous exclusion constitutes harmless error and thus does not warrant reversal.

We reverse the defendant's conviction for murder and remand for a new trial and such other further proceedings as are consistent with this opinion.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.