**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 08 2013, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRENCE BOYD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1210-CR-498 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1205-CM-33582

**July 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Terrence Boyd ("Boyd") appeals his conviction, after a bench trial, for battery as a Class B misdemeanor.[1]

We affirm.

ISSUE

Whether the evidence is sufficient to sustain Boyd's conviction for battery.

FACTS

On May 19, 2012, Boyd, his mother, Carolyn Inman ("Inman"), and his cousin Natasha Capler ("Capler"), were at the Nails 4 U Salon in Indianapolis. Xiep Van Tien ("Xiep") and his son, Phi Thai Tien ("Phi"), were working at the salon that day. Inman received a manicure, and Boyd requested a manicure from Phi. Phi informed Boyd that he did not provide manicures to men. At some point, Inman became upset and began to yell, causing Xiep to approach Inman. Xiep put his hands up in front of Inman and asked her to calm down. Inman refused and kept yelling. Boyd stepped between Xiep and Inman and pushed Xiep. Xiep testified that he fell and scraped his wrist because of Boyd pushing him.

On May 22, 2012, the State charged Boyd with Class A misdemeanor battery. The trial court conducted a bench trial on October 4, 2012. At the trial, Boyd testified that he was trying to diffuse the situation between Xiep and Inman and that if he did touch Xiep, it was not intentional. Teresa Lebeau ("Lebeau") was also in the shop and witnessed the incident. She testified that Xiep was trying to calm Inman down. Lebeau

---

[1] Ind. Code § 35-42-2-1.

2

further testified that Boyd reached out and "made contact" with Xiep and that Boyd appeared to be upset when he did it. (Tr. 44-45). The trial court found Boyd guilty of battery as a Class B misdemeanor and sentenced him to four (4) days in jail.[2]

DECISION

Boyd argues that the evidence was insufficient to sustain his conviction for Class B misdemeanor battery. Specifically, Boyd claims that there is no evidence that a touching occurred, and, in the alternative, any touching that occurred was justified in the defense of Inman.[3]

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

The trial court convicted Boyd of battery as a Class B misdemeanor. Thus, the State's evidence had to show that Boyd knowingly or intentionally touched Xiep in a rude, insolent, or angry manner. Ind. Code §35-42-2-1. "A person engages in conduct

---

[2] Despite Xiep's testimony, the trial court, with no further explanation, found Boyd guilty of the lesser included Class B misdemeanor battery without injury.

[3] Boyd also claims that if any touching occurred, it was inadvertent. However, because Boyd chose to press a claim of self-defense, his claim of inadvertency has no merit.

3

'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "Any touching, however slight, may constitute battery." *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000). Here, Xiep clearly testified that Boyd pushed him, and Lebeau testified that Boyd "made contact" with Xiep. (Tr. 44-45). In addition, there was testimony that Boyd was angry at the time. As a result, this evidence was sufficient for the trial court to infer that a battery occurred.

As to Boyd's claim of defense of another, "a valid claim of defense of oneself or another is legal justification for an otherwise criminal act." *Hobson v. State*, 795 N.E.2d 1118, 1121 (Ind. Ct. App. 2003), *trans. denied*. Indiana Code § 35-41-3-2(a) provides that "[a] person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." "Reasonably believes," as used in Indiana Code § 35-41-3-2, "requires both subjective belief that force was necessary to prevent serious bodily injury, and that such actual belief was one that a reasonable person would have under the circumstances." *Littler v. State*, 871 N.E.2d 276, 279 (Ind. 2007).

When waving his hands in front of her face, Xiep meant to calm Inman down, not injure her. Lebeau testified, in her opinion, that Xiep appeared to be trying to "diffuse the situation." (Tr. 42). Given the circumstances, we cannot say that it was reasonable for Boyd to believe that unlawful force or serious bodily injury were imminent. Accordingly, we affirm Boyd's conviction for battery.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

4