**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Oct 15 2014, 10:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HECTOR LAGUNA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1404-CR-165 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
The Honorable Anne M. Flannelly, Magistrate
Cause No. 49G17-1304-FD-28250

**October 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On April 24, 2013, Appellant-Defendant Hector Laguna was involved in a domestic altercation with his girlfriend of over one year, S.G.-H. During the altercation, Laguna struck S.G.-H. numerous times, causing bruising to S.G.-H. On May 3, 2013, Appellee-Plaintiff the State of Indiana (the "State") charged Laguna with numerous crimes relating to the domestic altercation. Laguna subsequently waived his right to a jury trial.

On February 4, 2014, the trial court conducted a bench trial. During trial, the State objected to certain evidence that was proffered by Laguna. The trial court sustained the State's objection to the challenged evidence. At the conclusion of trial, the trial court found Laguna guilty as charged; entered a judgment of conviction on one count of Class D felony domestic battery; and imposed a 545 day term of imprisonment, with credit for time served and the remainder suspended to probation. On appeal, Laguna challenges the trial court's evidentiary ruling excluding the challenged evidence. Concluding that the trial court acted within its discretion in excluding the challenged evidence, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment of the trial court are as follows: as of April 24, 2013, Laguna and S.G.-H. had been engaged in a romantic relationship and lived together for approximately one year and three months. S.G.-H.'s six-year-old daughter, L.C.G., also lived with the couple. During the evening hours of April 24, 2013, Laguna, S.G.-H., and L.C.G. were all in the apartment they shared when S.G.-H. questioned Laguna about

2

photographs of other women that were stored on the cellular phone that he had given to her.

Upon being questioned by S.G.-H., Laguna became upset and aggressive toward S.G.-H. While in the living room of the apartment, Laguna verbally abused S.G.-H. and poked her in the head with his finger. He then grabbed S.G.-H. by her hair and threw her to the floor. Laguna hit and insulted S.G.-H. while she was on the floor. Laguna then picked S.G.-H. up by her hair and took her into the bedroom, where he grabbed her by the neck and punched her right ribs with a closed fist. L.C.G. witnessed the attack and followed her mother around the apartment as Laguna moved S.G.-H. from room to room.

S.G.-H. was scared and wanted to flee but Laguna kept her from doing so. When S.G.-H. did attempt to flee, Laguna grabbed L.C.G. S.G.-H. then aborted her attempt to flee because she "couldn't leave [her daughter] there." Tr. p. 21.

Eventually, Laguna went back into the living room, leaving S.G.-H. and L.C.G. in the bedroom. S.G.-H. grabbed a phone and attempted to call the police. S.G.-H. and Laguna struggled over the phone when Laguna attempted to stop her. Despite the struggle over the phone, S.G.-H. was able to throw the phone under the bed. Having observed S.G.-H. dial the phone, Laguna attempted to recover the phone from under the bed, at which time S.G.-H. took L.C.G. and fled from the apartment to her vehicle. Once she and L.C.G. were inside the vehicle, S.G.-H. locked the vehicle's doors. Laguna followed S.G.-H. outside and attempted to open the vehicle's doors before telling S.G.-H. that she would be in trouble if she contacted the police because she was an illegal immigrant. Laguna eventually left after he realized that S.G.-H. was talking with someone on her phone.

3

S.G.-H. sustained bruises on her head and body as a result of Laguna's actions. S.G.-H. did not immediately contact police because she was scared, and she and L.C.G. spent the night in her vehicle. The next morning, S.G.-H. contacted her friend, Norma Martinez. Upon noticing S.G.-H.'s injuries, Martinez accompanied S.G.-H. while she reported the incident to the police.

On May 3, 2013, the State charged Laguna with numerous crimes, including: Class D felony domestic battery, Class D felony battery on a family or household member, Class D felony criminal confinement, Class A misdemeanor domestic battery, and Class A misdemeanor battery. Laguna subsequently waived his right to a jury trial. On February 4, 2014, the trial court conducted a bench trial. During trial, Laguna attempted to testify that during the altercation, S.G.-H. claimed that she knew people who would help her secure a Visa U.[1] The State objected to this testimony on hearsay grounds, and the trial court sustained the State's objection and struck the testimony from the record.

At the conclusion of the presentation of evidence, the trial court found Laguna guilty

---

[1] "The U nonimmigrant status (U visa) is set aside for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity." *Victims of Criminal Activity: U Nonimmigrant Status*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, http://www.uscis.gov/humanitarian/victims-human-trafficking-other-crimes/victims-criminal-activity-u-nonimmigrant-status/victims-criminal-activity-u-nonimmigrant-status (last visited September 29, 2014). Domestic violence is a qualifying criminal activity. *Id*. "The purpose of the U visa is [to] give victims of certain crimes temporary legal status and work eligibility in the United States for up to [four (4)] years. *U Visa for Immigrants who are Victims of Crimes*, US IMMIGRATION SUPPORT, www.usimmigrationsupport.org/visa-u.html (last visited September 30, 2014).

> All petitions [for a U visa] must include information on how the victim can assist government officials in learning more about the crime including investigation and/or prosecution of the individual(s) who committed the crime. The victim must also be willing to work with local law enforcement. The crime must have occurred in the United States or in a U.S. territory, or violated U.S. law.

*Id*.

on all counts. However, citing double jeopardy concerns, the trial court only entered a judgment of conviction on the Class D felony domestic battery charge. The trial court sentenced Laguna to 545 days imprisonment, with credit for time served and the remainder suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

Laguna contends that the trial court abused its discretion in excluding certain testimony at trial. "'The admission or exclusion of evidence is a matter left to the sound discretion of the trial court, and we will reverse only upon an abuse of that discretion.'" *Collins v. State*, 835 N.E.2d 1010, 1016 (Ind. Ct. App. 2005) (quoting *Greenboam v. State*, 766 N.E.2d 1247, 1250 (Ind. Ct. App. 2002), *trans. denied*). "'An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.'" *Id.* (quoting *Greenboam*, 766 N.E.2d at 1250).

> To reverse a trial court's decision to exclude evidence, there must have been error by the court that affected the defendant's substantial rights and the defendant must have made an offer of proof or the evidence must have been clear from the context. *Stroud v. State*, 809 N.E.2d 274, 283 (Ind. 2004). An offer to prove consists of three parts: "(1) the substance of the evidence, (2) an explanation of its relevance, and (3) the proposed grounds for its admissibility." *Nelson v. State*, 792 N.E.2d 588, 594 (Ind. Ct. App. 2003) (citing *Roach v. State*, 695 N.E.2d 934, 939 (Ind. 1998), *reh'g granted on other grounds*), *trans. denied*. "[T]he purpose of an offer to prove is 'to preserve for appeal the trial court's allegedly erroneous exclusion of evidence.'" *Arhelger v. State*, 714 N.E.2d 659, 664 (Ind. Ct. App. 1999) (quoting *Bradford v. State*, 675 N.E.2d 296, 302 (Ind. 1996), *reh'g denied*). A party traditionally makes an offer to prove after the trial court has sustained an objection to the admission of the party's evidence. *See Arhelger*, 714 N.E.2d at 664. However, it may also be made before the trial court's ruling on an objection in order to aid in the admissibility ruling. *See id.*

*Harman v. State*, 4 N.E.3d 209, 215-16 (Ind. Ct. App. 2014), *trans. denied*. A failure to make an offer of proof results in waiver of any claim of error on appeal. *Baker v. State*, 750 N.E.2d 781, 786 (Ind. 2001).

In the instant matter, Laguna claims that the trial court abused its discretion in excluding his testimony indicating that S.G.-H. claimed that she knew people who would help her secure a U visa. During trial, Laguna, by his counsel, presented the substance of the challenged evidence. However, Laguna failed to provide an explanation of the relevance of the challenged testimony or explain to the court what a U visa is. Laguna also failed to provide an explanation of the proposed grounds for the admissibility of the challenged testimony. As such, because Laguna failed to provide an explanation of the relevance of the challenged testimony or the proposed grounds for its admissibility, Laguna failed to make a valid offer of proof. Laguna has, therefore, waived appellate review of his claim that the trial court abused its discretion in excluding the challenged testimony. *See Harman*, 4 N.E.3d at 217 n.9 (concluding that defendant's counsel did not make a proper offer to prove because, while defendant's counsel provided the substance of the excluded evidence by submitting the police report and argued that he believed that evidence of the protective order violation was relevant, his counsel did not specifically identify the grounds for the admission of the testimony); *see also Arhelger*, 714 N.E.2d at 665 (finding defendant did not make a "valid offer of proof" where defendant's explanation did not make the substance of the evidence clear to the court and did not "even touch upon the grounds for ... admission" or relevance of the cross-examination testimony).

Furthermore, even if the trial court did abuse its discretion in excluding the challenged evidence, the abuse of discretion was harmless. Harmless error is error that does not affect the substantial rights of a party. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007) (internal quotation and citation omitted). Harmlessness is ultimately a question of the likely impact of the evidence on the trier of fact. *Id.* In the instant matter, we conclude that the challenged evidence would not likely have impacted the trial court's finding of guilt in light of the additional evidence of Laguna's guilt which corroborated S.G.-H.'s testimony.

In addition to S.G.-H.'s testimony, the State presented nine exhibits which depicted S.G.-H.'s injuries. The injuries depicted in these exhibits were consistent with the injuries testified to by S.G.-H. Martinez also testified that she observed S.G.-H.'s injuries, stating that when she saw S.G.-H. on the morning of April 25, 2013, S.G.-H. had "bruising on the side of her face kind of in the cheek bone area … [and] on her arm" and "when she took her shirt off … she had some slight like swelling in pink areas which a few days later [when] she had again showed me her body in those areas had turned into bruises." Tr. p. 40. The pink areas of swelling were located in the rib cage area and under her arms. Martinez further testified that the bruises darkened in the days following the incident before fading away gradually. Again, in light of the corroborating evidence of Laguna's guilt, we conclude that that any abuse of discretion in excluding the challenged evidence was harmless as the error did not likely impact the trial court's finding of guilt.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.