## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

## I N T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie J. Herman, Jr., *Appellant-Defendant,* | October 30, 2015 |
| | Court of Appeals Case No. 02A03-1504-CR-146 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Wendy W. Davis, Judge |
| | Trial Court Cause No. 02D06-1411-F6-398 |

**May, Judge.**

[1] Willie J. Herman, Jr. appeals his convictions of domestic battery[1] and invasion of privacy,[2] both as Level 6 felonies.[3] As the trial court's limitation of Herman's closing argument was not an abuse of discretion, we affirm.

## Facts and Procedural History

[2] In October 2014, Fort Wayne police were called to an apartment where Herman lived with Mendy Rothgeb. Herman had been ordered not to have contact with Rothgeb. Herman hit Rothgeb and she called 911. Herman was charged with domestic battery and invasion of privacy.

[3] About a week before his jury trial on these charges, Rothgeb had been subpoenaed to testify at another trial in which Herman was the defendant, and she did not appear. She was found in contempt and a warrant was issued for her arrest.

[4] On the first day of trial on these charges, Rothgeb appeared to testify, but she was intoxicated. She was taken into custody and the trial court told counsel that if they wished to call her as a witness, her testimony could be reset for the next day: "by tomorrow she'll be sobered up and we continue the trial." (Tr. at 10.) The court told Rothgeb about the possible sanctions for contempt. She

---

[1] Ind. Code § 35-42-2-1.3.

[2] Ind. Code § 35-46-1-15.1.

[3] Both offenses are Class A misdemeanors but become Level 6 felonies if the person who committed the offense has a previous, unrelated conviction of the same offense. Herman stipulated he did.

responded: "If I knew that I would have came. . . . Can I testify? Can I testify? I'll testify. I'll testify. I'm – not want to go to jail. Can I testify, please?" (Tr. at 139) (errors in original).

[5] The next day, the State called Rothgeb. She testified she knew Herman, he hit her and injured her, she called 911, and Herman was in violation of a no-contact order. Herman's counsel cross-examined Rothgeb and elicited testimony that she was in custody, she would be subject to contempt proceedings after the trial was finished because she had not appeared to testify at an earlier trial, and she had arrived at court intoxicated the day before. On redirect, she testified the prosecutor told her to tell the truth and she had not been promised anything for her testimony.

[6] At closing argument Herman's counsel reminded the jury that Rothgeb had not testified on the first day of trial because she was intoxicated and held in contempt. Counsel then said: "We're going to have a hearing later on for Ms. Rothgeb to see what that penalty will be. I suspect Ms. Rothgeb . . . ." (Tr. at 206.) The State then objected, moved to strike, and asked the court to admonish the jury. The court sustained the objection,[4] then told the jury "any other hearing that is collateral with this and has no bearing on this particular trial or any comments from counsel, I would ask you to strike those." (*Id*.) The

---

[4] The State did not indicate the basis for its objection. Herman did not respond to the objection or the motion to strike or for an admonition.

court reminded the jury that "these are just arguments of counsel and I will instruct you that arguments of counsel is [sic] not evidence." (*Id.* at 206-07.)

[7] The jury found Herman guilty of both charges against him.

## Discussion and Decision

[8] Control of final argument is assigned to the discretion of the trial judge. Unless there is an abuse of this discretion clearly prejudicial to the rights of the accused, the ruling of the trial court will not be disturbed. *Rouster v. State*, 600 N.E.2d 1342, 1347 (Ind. 1992), *reh'g denied*.

[9] Herman cross-examined Rothgeb about her contempt hearing and any potential benefit she might receive from her testimony. But he now argues he should have "had the right to argue bias to the jury and not have the court tell them [the contempt proceedings] had no bearing on this case." (Br. of Appellant at 7.)

[10] The limitation of Herman's closing argument was not error.[5] Herman relies on decisions holding the exposure of a witness's motivation in testifying is a proper

---

[5] Nor was Herman prejudiced by the trial court's action even if there was an error. Harmless error is an error that does not affect a party's substantial rights. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007). Harmlessness is ultimately a question of the likely impact on the jury. *Id.* The harmless error analysis applies to restriction on closing argument. *Nelson v. State*, 792 N.E.2d 588, 594 (Ind. Ct. App. 2003), *trans. denied*.

The jury heard Rothgeb's testimony about the contempt proceedings and its effect on her testimony, and nothing in her testimony suggested Rothgeb believed testifying would help her obtain a more lenient sanction in the contempt proceeding. The jury was told closing arguments by counsel were not evidence. Because any error in the limitation of Herman's closing argument had little to no probable impact on the jury, it was harmless.

and important function of the constitutionally protected *right of cross-examination*. *E.g., Jarrett v. State*, 498 N.E.2d 967, 968 (Ind. 1986). But the record does not reflect Herman's cross-examination of Rothgeb was limited, and Herman concedes he "was permitted to cross examine Ms. Rothgeb regarding the contempt hearing and any potential benefit to be received from her testimony." (Br. of Appellant at 7.) Nothing in the testimony Herman elicited from Rothgeb suggested Rothgeb believed testifying would help her obtain a more lenient sanction in the contempt proceeding.

[11] In closing argument, Herman's counsel noted Rothgeb had been found in contempt, then said: "We're going to have a hearing later on for Ms. Rothgeb to see what that penalty will be. I suspect Ms. Rothgeb . . . ." (Tr. at 206.) The State then objected, moved to strike, and asked the court to admonish the jury. Herman did not respond to the objection or to the State's motion to strike or for an admonition. The court sustained the objection and admonished the jury.

[12] Because Herman did not respond to the State's objection, we cannot know what he would have said in closing argument had he been able to continue. Assuming, as his brief on appeal suggests, he would have argued Rothgeb was motivated to lie because she thought that would result in leniency in the contempt proceedings, such argument would not have been supported by the evidence; Rothgeb had testified to the contrary. *See generally* 75A Am. Jur. 2d *Trial* § 532 (attorneys may argue reasonable deductions and inferences *from the evidence properly before the jury* as long as such inferences are based on the conclusions fairly deducible from the evidence in the case and do not involve

the presentation of new evidence or rely on evidence that has not been presented.).

[13] Our Supreme Court has long recognized "[t]he presumption in favor of correct action on the part of a trial court is one of the strongest presumptions applicable to the consideration of a cause on an appeal." *Ferrara v. Genduso*, 216 Ind. 346, 348, 24 N.E.2d 692, 693 (1940). Herman directs us to nothing in the record that rebuts that presumption. We therefore cannot say the trial court abused its discretion in limiting Herman's closing argument.

[14] Affirmed.

Crone, J., and Bradford, J., concur.