## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2016, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Cook
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse N. Cole,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 21, 2016<br><br>Court of Appeals Case No.<br>32A04-1512-CR-2045<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie Lemay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1412-CM-1311 |

**Pyle, Judge.**

# Statement of the Case

Jesse Cole ("Cole") appeals his conviction by jury of operating a vehicle while intoxicated ("OVWI") as a Class A misdemeanor.[1] He challenges the sufficiency of the evidence to support the conviction. Concluding that the evidence is sufficient to support this conviction, we affirm.

Affirmed.

# Issue

Whether there is sufficient evidence to support Cole's conviction of OVWI.

# Facts

At approximately 1:30 a.m. on August 10, 2014, Plainfield Police Department Lieutenant Joseph Smock ("Lieutenant Smock") was dispatched to a motorcycle accident on an Interstate 70 West off-ramp. When Lieutenant Smock arrived at the scene, he discovered Cole lying in a ravine 100 feet from the roadway. Lieutenant Smock also saw a motorcycle with its lights on lying on its side. It was located 50 to 100 feet from Cole. Cole had severe facial injuries and one of his eyes was swollen shut. Lieutenant Smock smelled a "very strong odor of alcohol or intoxicating beverage coming from [Cole]" and

---

[1] IND. CODE § 9-30-5-2.

noticed that his open eye was bloodshot and glossy. (Tr. 74). Cole was transported to IU Methodist Hospital.

[4] Shortly thereafter, Lieutenant Smock went to the hospital with a search warrant for a sample of Cole's blood. A forensic nurse took a blood sample, and, at approximately 3:30 a.m., Cole registered .24 gram of alcohol per one hundred milliliters of his blood. On December 19, 2014, the State charged Cole with OVWI as a Class A misdemeanor and operating a motor vehicle with an alcohol concentration equivalent to at least 0.15 gram of alcohol per 210 liters of the person's breath or 100 milliliters of the person's blood ("Operating Per Se (.15)") as a Class A misdemeanor. Thereafter, Cole filed a motion to suppress the blood test results, which the trial court denied.

[5] At the November 2015 trial, Cole's theory of defense appeared to be that someone else was driving the motorcycle. Steve Carroll an investigator at the Hendricks County Prosecutor's Office testified that he had "charted the whole path of the motorcycle" after the accident and had discovered that it had been sold "out of country." (Tr. 287). According to Carroll, the motorcycle was a "crotch-rocket or sport bike," which had passenger foot-pegs closer to the seat than most motorcycles. (Tr. 296). Carroll explained that "for a tall person to get on this motorcycle [as a passenger] would kind of be like a jockey riding a race horse." (Tr. 297).

[6] A jury convicted Cole of both charges. The trial court entered judgment of conviction for OVWI as a Class A misdemeanor and sentenced Cole to 365

days in the Hendricks County Jail with 363 days suspended and credit of one day for one day served.[2] (App. 25). Cole appeals.

# Decision

Cole argues that there is insufficient evidence to support his OVWI conviction. Specifically, he contends that there is insufficient evidence that he was intoxicated. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

To convict Cole of Class A misdemeanor OVWI, the State was required to prove beyond a reasonable doubt that Cole operated a vehicle while intoxicated in a manner that endangered a person. *See* I.C. § 9-30-5-2(b). "Intoxicated"

---

[2] Both the CCS and the trial court's completed Judgment of Conviction, Sentencing Order, and Order of Commitment reveal that the trial court entered judgment of conviction and a sentence only on the OVWI conviction. The record of the proceedings does not include a transcript from the sentencing hearing because Cole did not request it in his Notice of Appeal. Although not so stated, it appears that the trial court merged the Operating Per Se (.15) conviction with the OVWI conviction. *See Green v. State,* 856 N.E.2d 703, 704 (Ind. 2006) (explaining that a merged offense for which a defendant is found guilty but on which there is neither a judgment or sentence is unproblematic as far as double jeopardy is concerned)..

means "being under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties. I.C. § 9-13-2-86(1). Impairment can be established by evidence of: (1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. *Matlock v. State*, 944 N.E.2d 936, 941 (Ind. Ct. App. 2011). Proof of a person's blood alcohol content is not required to establish intoxication. *Id.* In addition, OVWI convictions may be supported by circumstantial evidence. *Kremer,* 643 N.E. 2d at 360.

[9] Here, our review of the evidence reveals that Lieutenant Smock noticed a strong odor of alcohol emanating from Cole and that Cole had a watery and bloodshot eye. In addition, Cole was found 100 feet from the roadway in a ravine and 50 to 100 feet from the overturned motorcycle. From this evidence a jury could reasonably infer that Cole had consumed alcohol and was impaired. Accordingly, this evidence supports the jury's finding that Cole was intoxicated as well as Coles' OVWI conviction.

[10] We further note that Cole's argument that there is insufficient evidence that he operated the motorcycle is nothing more than an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146. First, the evidence reveals that Cole was the only person found at the scene of the accident and that the motorcycle was a "crotch-rocket," making it difficult for passengers to ride. Further, none of the cases

cited by Cole support his argument because they all concern a defendant who left the scene of the accident. *See Robinson v. State*, 835 N.E.2d 518 (Ind. Ct. App. 2005) (Robinson was found 2-4 miles from the accident scene after it occurred); *Flanagan v. State*, 832 N.E.2d 1139 (Ind. Ct. App. 2005) (Flanagan was found walking toward a local convenience store after the accident); *Floyd v. State*, 399 N.E.2d 449 (Ind. Ct. App. 1980) (Floyd was found six blocks from the scene of the accident after it occurred). There is sufficient evidence to support Cole's OVWI conviction.[3]

Affirmed.

Kirsch, J., and Riley, J., concur.

---

[3] Cole also makes multiple challenges to the admission of the blood test evidence. Specifically, he contends that the trial court erred in admitting this evidence because (1) the search warrant for Cole's blood was not supported by probable cause, (2) the police made material misrepresentations in order to obtain the warrant; and (3) the State failed to establish a foundation that the blood draw protocol was prepared by a physician. However, we need not decide this issue because any error in the admission of the blood test evidence was harmless. Error is harmless if it does not affect the substantial rights of the defendant. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007). Harmlessness is ultimately a question of the likely impact of the evidence on the jury. *Id.* Blood alcohol tests are not necessary to support a conviction for operating a vehicle while intoxicated pursuant to INDIANA CODE § 9-30-5-2. *Pickens v. State*, 751 N.E.2d 331, 335 (Ind. Ct. App. 2001). Where there is no statutory requirement of proof of a particular blood-alcohol content above which a person is intoxicated, the State may prove intoxication by a showing of impairment. *Id.* Here, the State met that burden with evidence that amply supported the jury's finding that Cole operated his vehicle while intoxicated. The test results likely had no impact on the jury's verdict, and under these circumstances, any error in their admission was harmless. *See Combs v. State*, 895 N.E.2d 1252, 1259 (Ind. Ct. App. 2016) (explaining that erroneous admission of Combs' blood test results was harmless because the evidence otherwise amply supported the jury's finding that Combs operated his vehicle while intoxicated and that test results likely had no impact on the jury's verdict), *trans. denied*.