## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2016, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Spangler, Jr.
Lawrence Co Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.P.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

December 22, 2016

Court of Appeals Case No.
47A01-1607-JV-1697

Appeal from the Lawrence Circuit Court

The Honorable Andrea K. McCord, Judge

The Honorable John Plummer III, Referee

Trial Court Cause No.
47C01-1510-JD-394

**Pyle, Judge.**

# Statement of the Case

D.P. appeals his adjudication as a juvenile delinquent, which resulted from his commission of an act that would have been considered a Class B misdemeanor battery if committed by an adult. At his delinquency hearing, D.P. argued that he had acted in self-defense and in defense of others when he committed the battery, but the trial court disagreed. D.P. now appeals, again claiming that he acted out of self-defense and to defend others. He asserts that the State did not present sufficient evidence to disprove his claim of self-defense. Because we find that D.P. did not have a reasonable fear of the victim of his battery, we conclude that the State presented sufficient evidence to disprove D.P.'s self-defense claim, and we affirm the trial court.

We affirm.

# Issue

Whether the State presented sufficient evidence to disprove D.P.'s self-defense claim.

# Facts

On October 9, 2015, sixty-five-year-old Robert Haines ("Haines") was driving on Rabbitsville Road in Mitchell, Indiana, when he saw a boy that "look[ed] like he was bullying [an]other kid" on the side of the road. (Tr. 21). Haines got out of his car and told the two boys, who were later identified as teenagers L.S.

and J.L.,[1] "Don't be doing that." (Tr. 21). Haines asked J.L. why he was bullying L.S., and J.L. told him that it was "none of [his] business." (Tr. 29). At that point, a third boy—seventeen-year-old D.P.—drove up on a four-wheeler vehicle. Haines motioned "to bring it on," but then he turned around, intending to get back into his car. (Tr. 30). After he turned, D.P. "tackled" Haines "like a football player." (Tr. 22). Haines hit the back of his car, denting the car, and fell to the ground, scratching his knees and elbow.

[4] After hitting Haines, D.P. "took off" on his four-wheeler. (Tr. 39). A man and woman who had witnessed the incident called the police. A Mitchell Police Department officer responded to the scene and determined that D.P. was the juvenile who had hit Haines.

[5] Subsequently, on October 28, 2015, the State filed a petition alleging that D.P. was a juvenile delinquent because he had committed an act that would have been Class B misdemeanor battery if committed by an adult. On March 11, 2016, D.P. filed a notice that he intended to assert self-defense or defense of others as a justification for his alleged battery. On May 17, 2016, the trial court then held a fact finding hearing on the delinquency petition.

[6] At the hearing, L.S. and J.L. testified as witnesses for D.P. L.S. said that he and J.L. had been walking down Rabbitsville Road "goofing around" and knocking off each other's hats when Haines had driven up in his car. (Tr. 47).

---

[1] At the time of this incident, L.S. was fourteen years old, and J.L. was either fifteen or sixteen years old.

According to L.S., Haines had gotten out of his car, knocked off J.L.'s hat, and yelled at him for five or ten minutes. At that point, D.P. had driven up on his four-wheeler and asked what was going on. L.S. testified that Haines had responded "You want some?" and had "c[o]me at [D.P.]." (Tr. 49). Then, D.P. had pushed Haines in response. Similarly, J.L. testified that Haines had asked D.P. "if he wanted a piece of him" and had "[gone] after [D.P.]." (Tr. 56).

[7] D.P. testified next and said that when he had approached Haines, L.S., and J.L., Haines had asked him "if [he] wanted some, too, or something like that and he, kind of jolted at [him] a little bit." (Tr. 63). D.P. said that he felt scared because he thought Haines was going to hurt him and he did not know "what [Haines] was capable of." (Tr. 63). He thought that Haines seemed aggressive and had observed that Haines' face was "cherry red." (Tr. 64). In his closing argument, D.P. argued that he had pushed Haines out of self-defense and in defense of L.S. and J.L.

[8] At the conclusion of the hearing, the trial court took the matter under advisement. Then, on May 24, 2016, the court entered an order finding that the State had proven beyond a reasonable doubt that D.P. had not acted in self-defense or defense of others and that D.P. was unjustified in using the amount of force he had used against Haines. Based on this conclusion, the trial court adjudicated D.P. a delinquent child. D.P. now appeals.

# Decision

On appeal, D.P. does not dispute that he committed an act that would have been considered battery if committed by an adult. However, he argues that he should not have been adjudicated a delinquent because he acted out of self-defense and, therefore, had a legal justification for his actions.

A valid claim of self-defense is a legal justification for an otherwise criminal act. *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." *King v. State*, 61 N.E.3d 1275, 1283-84 (Ind. Ct. App. 2016); IND. CODE § 35-41-3-2(c). To prevail on a claim of self-defense under INDIANA CODE § 35-41-3-2, a defendant must have: (1) acted without fault; (2) been in a place where he or she had a right to be; and (3) been in reasonable fear or apprehension of bodily harm. *King*, 61 N.E.3d at 1284. Once the accused asserts a claim of self-defense, the burden shifts to the State to negate one of the necessary elements. *Cole*, 28 N.E.3d at 1137. The State may meet its burden "'by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief.'" *Id.* (quoting *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999)).

The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *King*, 61 N.E.3d at 1283. We do not reweigh the evidence or

judge the credibility of the witnesses. *Id.* We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* If the defendant is convicted despite a claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id.*

[12] D.P. argues that he presented sufficient evidence of his self-defense claim and that the State did not disprove any of the elements of self-defense. In support of this argument, he notes that all of the witnesses at trial testified that Haines had indicated his willingness to fight D.P. He also cites the testimony at trial that Haines was a "big guy" and was behaving aggressively. (Tr. 64). As for his claim that he was defending others, D.P. notes that Haines had knocked J.L.'s hat off of his head and was yelling at J.L. and L.S. when D.P. arrived at the scene on his four-wheeler. In light of this evidence, D.P. contends that he had a reasonable fear of Haines and acted accordingly.[2]

[13] In spite of the testimony that D.P. cites, the State did produce evidence to disprove D.P.'s claim of self-defense because it produced evidence that D.P.'s fear of Haines was unreasonable. Our supreme court has previously held that "the phrase 'reasonably believes,' as used in the Indiana self-defense statute, requires both subjective belief that force was necessary to prevent serious bodily injury, and that such actual belief was one that a reasonable person would have

---

[2] He also asserts that he used only enough force necessary to eliminate that threat that Haines posed, but we need not address that argument as we conclude that his alleged fear of Haines was not reasonable.

under the circumstances." *Littler v. State*, 871 N.E.2d 276, 279 (Ind. 2007). We conclude that a reasonable person would not have believed that there was an imminent danger of the use of force in D.P.'s situation. Although Haines indicated that he was willing to fight D.P., he did not physically attack D.P. or otherwise indicate that he was about to initiate a physical attack. Instead, he testified that he had turned around and "was getting ready to go back in" his car when D.P. hit him. (Tr. 25). As the State also noted in its closing argument, Haines was a sixty-five-year old man who was "not in very good health" and was outnumbered by three teenage boys—one of whom was seventeen years old. (Tr. 70). In light of these circumstances and evidence, we conclude that the State produced sufficient evidence to disprove the reasonable fear element of D.P.'s self-defense claim. D.P.'s arguments to the contrary constitute an invitation to reweigh the evidence, which we will not do. *King*, 61 N.E.3d at 1283.

[14] Affirmed.

Baker, J., and Mathias, J., concur.